MARY E. HENDRICKS, Admrx. *v.* BOARD OF SUPERVISORS OF
LOWNDES COUNTY.

1. OFFICERS FEES—RULE —The general rule of law is, that an officer can only demand such fees for the performance of official duties as the law has fixed.

2. RULE AT COMMON LAW ON THIS SUBJECT.—It is a doctrine of the common law, founded on public policy, that an officer shall be confined to the compensation or fee prescribed, and therefore a promise to pay money for doing that which the law did not suffer him to take anything for, or to pay more than was allowed by law, was void however freely and voluntarily made.

3. PROMISES OF INTERESTED PARTIES.—If a party interested in a particular official act, promises compensation, where the law allows none, the authorities condemn as void; *a fortiori*, a promise to pay for such services will not be raised by implication.

Error to the circuit court of Lowndes county.    Hon. J. A. ORR, Judge.

This was an action brought by M. E. Hendricks, whose husband was clerk of the board of supervisors of Lowndes county, against the board, to recover the sum of $300.00, for services alleged to have been rendered in issuing four hundred commissions to road-overseers.   The jury found for the defendants in the court below, and the plaintiff, his motion for a new trial being overruled, sued out a writ of error, and brings the case to this court, and assigns the following errors :

1. The court erred in overruling the motion for a new trial.

2. The court erred in instructing the jury.

3. The court erred in refusing the instructions asked for by plaintiff.

All the instructions and the facts necessary to an understanding of the case, appear in the opinion of the court.

*Matthews & Arnold*, for plaintiff in error :

Contended that the clerk is allowed by law the fees claimed in this action.   Although there is no special fee bill including these services, yet, under the law, the chancery clerk may be allowed such fees and emoluments as is allowed to clerks of the circuit court in similar cases, citing

Revised Code of 1857, page 173, art. 13; ib., p. 416, art. 14; ib., 173, art. 12; ib., 143, 144; Rev. Code of 1871, §§ 1361, 2346.

The commissions or notices issued by the clerk, in this case, are writs to all intents and purposes. They appear to have the essential elements of a writ. 2 Bouvier's Law Dic., 663. But if these notices or commissions are not writs; if their preparation and issuance are not like any of the services enumerated in the fee bill, and required of and performed by the circuit clerks, for which the circuit clerks are allowed specific fees, then the preparation and issuance of such commissions or notices are like public services performed by circuit clerks, not particularly provided for in the fee bill, and for which they are allowed a sum not to exceed $50.00 per annum, and plaintiff is entitled to this annual allowance for such services, if no more. Code of 1857, p. 144.

Any person having a just claim against the county, which the board of supervisors may refuse to allow, may bring suit against such board, in any court having jurisdiction. Code of 1871, § 1384; Beaman v. Board of Police, etc., 42 Miss., 237; Sutton & Dudley v. Board of Police, etc., 41 ib., 236.

*James T. Harrison and W. T. Deason*, for defendants in error:

For all other services than are allowed in the fee bill, the clerk shall receive the sum of $50.00 per annum. Code of 1871, §§ 1361, 1379. The law means that for all extra services he shall receive no more than $50.00 per annum, for statutes that give costs are to be construed strictly as being a kind of penalty. Dwar. Stat., 253. The rule is inflexible that an officer can demand only such fees as the law has fixed and authorized, for the performance of his official duties. Carlisle v. Sharp, 51 Ill., 71; Jay County v. Temples, 34 Ind., 329; Hatch v. Mann, 15 Wend., 44; 9 ib., 262; 18 Johns., 242; 2 Cow., 533; Forbes v. Morel, R. M. Charlt. (Ga.), 23. An officer is only entitled to such fees as are al-

lowed by statute.   25 Ark., 235.   A promise to pay fees not authorized by law is void.   Gilmore v. Lewis, 12 Ohio, 281.

SIMRALL, J., delivered the opinion of the court:

The plaintiff in error sued the board of supervisors of Lowndes county, to recover compensation, for issuing notices by her intestate, as clerk, of the appointments of road over-seers, for the years 1870 and 1871, amounting to $300.00, as appears from the account filed with the declaration.

The cause has been removed into this court, to review the judgment of the circuit court, which was adverse to the claim.

It is made the duty of the chancery clerk, who is also clerk of the board of supervisors, to deliver, within ten days, to the sheriff, copies of the appointment of all road overseers made by the board, in order that the sheriff may notify the respec-tive parties.   § 2346, ch. 53, Code of 1871, same as art. 13, Code of 1857, p. 173.   In the Code of 1857, p. 144, is this provision in reference to the clerk of the probate and police court: "For like service by them performed, the same fees as are allowed by law to the clerks of the circuit court."

By the 14th art., p. 416, Code of 1857, the clerk of the board of police is allowed $3.00 per day for his attendance on the board, when in session, and for all services required by the act, compensation not to exceed $50.00 per annum. The new Code makes similar allowances, thus, § 1361, $3.00 per day for attendance, and $50.00 for all other services re-quired by chap. 4th.   Books, desks and other necessary ar-ticles to be paid for out of the county treasury.   The sheriff is allowed $2.00 per day for attendance, and $50.00 for all other services.

No clerk or sheriff shall claim and receive from the board of supervisors any fee or compensation not authorized by law.   § 1379, Code of 1871.

It is manifest from these references to the statutes, that the intendment is distinct to annex to each service rendered by the clerk and sheriff, a special compensation and fee, and

for such as are not specified, a gross sum. The books, desks and stationery are furnished the clerk; he is paid for each day's attendance upon the board and keeping a record of its proceedings, and then a sum in gross, not to exceed $50.00 per annum, may be paid to him for those services for which a specific amount, or fee, is not allowed. And then the legislature, with emphasis declares that the clerk and sheriff shall not claim or receive from the board of supervisors, any fee or compensation not authorized by law. § 1379. We understand the meaning to be, that the law has determined the fees and compensation to be paid these officers, for official acts and services, duties imposed upon them by statute; and if anything is enjoined npon them by law, if the remuneration is not made by a specific fee, then it must be esteemed as covered by the gross sum that may be annually paid out of the county treasury.

But apart from the statute, the rule is, that an officer can only demand such fees, for the performance of official duties, as the law has fixed. Town of Carlyle v. Sharp, 51 Ill. Rep., 72. There the mayor claimed $2.00 per day, for each trial where the town was interested. The general statute gave him the same fees, as allowed a justice of the peace. There being no law permitting a justice to make such charge, the plaintiff failed.

It is a doctrine of the common law, founded in public policy, that an officer shall be confined to the compensation, or fee, prescribed; and, therefore, a promise to pay money for doing that which the law did not suffer him to take anything for, or to pay more than was allowed by law, was void, however freely and voluntarily made. 1 How., P. C., ch. 68, § 4; Lane v. Sewall, 1 Chitt., 175; Morris v. Burditt, 1 Camp., 218.

The statute does not give a fee for issuing these notices of the appointment of road overseers. The clerk accepts the office with knowledge of its duties, and the rates of compensation, and it must be assumed that he assented to perform all the services enjoined by law, for such fee, and compensation,

as are named in the statutes. If a party interested in a particular official act, promises compensation, where the law allows none, such promise, the authorities condemn as void. If that be so, *a fortiori*, a promise to pay for such service will not be raised by implication. That is the plaintiff's case. The early case of Bridge v. Cage, Cro. Jac., 103, was *assumpsit* by the sheriff to recover money promised to him in consideration that he would execute the writ of *elegit*, for which service no fee was provided by law. The court held that the action could not be maintained to recover a compensation not given by law.

We think the circuit court correctly expounded the law to the jury, and affirm the judgment.