Board of Sup'rs of Hancock County *v.* Kergosien.[*]

(Division A.   May 9, 1927.)

[112 So. 595.   No. 26436.]

Clerks of Courts.   *Clerk of chancery court held not entitled to fee of fifty cents for certifying to validation of bonds of county* (*Hemingway's Code, section* 1844; *Laws* 1917, *chapter* 28, *sections* 4, 5; *Laws* 1924, *chapter* 206).

In view of Code 1906, section 2163 (Hemingway's Code, section 1844), the chancery clerk for certifying to validation of county bonds is not entitled to a fee of fifty cents for each bond certified, under the general county officers' fee statute, Laws 1924, chapter 206, "Fees of the chancery clerk," subds. (s) and (t), and "Fees of the circuit clerk," subd. (w), even if, in view of Laws 1917, chapter 28, section 4, he in certifying to their validation is acting in the capacity of clerk of the chancery court, rather than in the capacity of clerk of the board of supervisors, but his compensation therefor, if any, must be allowed under "Fees of the chancery clerk," subd. (y), indicating intention that the county should not be liable, either under such act or the general fee statute, for fees for the certification.

[*]Corpus Juris-Cyc References: Clerks of Courts, 11CJ, p. 863, n. 34; p. 866, n. 64.

Appeal from circuit court, of Hancock county.
Hon. W. A. White, Judge.

Claim by A. A. Kergosien against Hancock county was allowed by the circuit court, on appeal from an order of the board of supervisors disallowing it, and the board of supervisors appeals.   Reversed and judgment rendered.

*Rufus Creekmore,* Special Assistant Attorney-General, and *E. J. Gex,* for the state.

The claim is solely for certifying to the validation of of the bonds.   The claim was rejected solely because of

the fact that the board conceived the amount claimed to be not due or payable under the law. The bonds were issued under and by virtue of the provisions of chapter 207, Laws of 1920, and they were validated pursuant to and under the provisions of chapter 28, Laws of 1917.

Section 5, chapter 28, provides that the court costs in all cases whereby bonds are validated under the provisions of that act shall be paid by the county, municipality or district issuing the said bonds.

From a reading of these sections it will be seen that the duty is imposed on the "clerk or other proper officer of the county, municipality or district issuing the bonds" to certify to the validation of the same. No provision is made for compensating the "clerk or other proper officer" for his services in certifying to the validation of the same. For authority to collect the fees which are here claimed by him, the appellee is therefore driven to our general statutes prescribing what fees shall be collected by public officers.

Appellee conceived the amount claimed by him to be due him under and by virtue of chapter 206, Laws of 1924, subdivisions (s), (t) and (w), and especially under that part of said chapter prescribing the fees of the chancery clerk and that part of the chapter prescribing the fees of the circuit clerk in civil cases.

The rule seems to be well settled in this state that statutes authorizing clerks of courts or other officers to collect fees for their services are to be strictly construed as against the clerk or officers, will not be extended beyond their letter, and that the clerk or officers are entitled only to such compensation as is provided by the terms of the statute. Section 1844, Hemingway's Code; *Hendrix* v. *Board of Sup'rs of Lowndes County*, 49 Miss. 612; *Patty* v. *Sparkman*, 58 Miss. 76; 11 C. J. pages 862-63.

It seems perfectly clear that it was not within the contemplation of the legislature either when chapter 28, Laws of 1917, was enacted or when chapter 206, Laws

of 1924, was enacted, that the clerk should receive a fee of fifty cents for each certificate of validation placed by him on a bond issued by the county. Nor when chapter 206, Laws of 1924, the fee bill, was passed was there any fee provided whereby the clerk would be compensated for these services. In view of the well-settled rule which construes fee statutes strictly against the officer, it is manifest that the appellee here was not entitled to this fee for certifying to the validation of the bonds. It seems just as clear that the clerk for his services in performing this duty imposed on him by law is compensated under the provisions of subdivision (y) of that part of chapter 206 prescribing the fees of the chancery clerk. Neither can it be denied that the duty here performed by the clerk was an *ex officio* service. *Calhoun County* v. *Watson*, 44 So. 702.

*Gex & Russell, Mize & Mize & Thompson* and *Foster & Nailling,* for appellee.

We maintain for appellee that in certifying to the validation of said bonds by the clerk, as in this case, appellee was functioning as clerk of the chancery court of Hancock county, and in no other capacity; and that his certificates to the bonds were solely for evidentiary purposes, serving the same purpose as would his certificate to other recorded decrees and documents found in his office and of which records he is the custodian as clerk of the chancery court. The provisions made by law for compensating clerks of circuit and chancery courts, and appellee happens to be both circuit and chancery clerk of Hancock county, is found in the sub-sections of chapter 206, Laws of 1924. The statute does not go into detail to give the different kinds and forms of certificates therein provided for, and for obvious reason that an attempted enumeration would be impracticable.

Appellee having certified to these bonds as he was required to do by law, he is entitled to the fees provided

by law for such service, namely, the fees provided for circuit and chancery clerks for certificates of the class to which the certificates here in controversy belong.

Appellee confesses the point made by appellant that he is driven to the general statutes on the subject of fees for clerks to find authority for the allowance of fees here claimed. But, it is submitted, the general statutes above indicated make ample provision for the services rendered by appellee.

It may be suggested by counsel for appellant that the fees provided and charged by clerks for certificates of authentication of records, as hereinabove indicated, are not chargeable to the county, but the individuals applying for same. Conceding that this is true in many instances, it is not always the case. Besides, the scheme provided by chapter 28, Laws of 1917, contemplated the payment of all expenses of validation and the verification thereof by the county, in cases of county bonds, and not by individuals.

Since the enactment of chapter 28, Laws of 1917, multiplied thousands of bonds have been validated and certified by chancery clerks for which the clerks have been paid thousands of dollars in the accepted belief of clerks and boards of supervisors and their legal advisers that the clerks were entitled to their fees for certifying to the validation proceedings under the provisions of law for fees for similar services.

COOK, J., delivered the opinion of the court.

The board of supervisors of Hancock county on four separate occasions, March 1, 1923, March 1, 1925, May 1, 1925, and July 1, 1925, respectively, issued road and bridge bonds of said county, the total number of these bonds being one thousand three hundred eighty-five. Each separate issue of these bonds was submitted to the state bond attorney for his opinion as to their validity, and subsequent thereto each issue was validated by a

decree of the chancery court rendered in proceedings in accordance with chapter 28, Laws of 1917 and thereafter in accordance with section 4 of said chapter 28, Laws of 1917, appellee, the chancery clerk of the county, certified to the validation of each of said one thousand three hundred eighty-five bonds by writing or stamping on the same the words, "I, A. A. Kergosien, chancery clerk of Hancock county, Miss., do hereby certify that the within bond has been validated and confirmed by decree of the chancery court of Hancock county, Miss.," with the date of the particular decree, the signature, and official seal of said clerk being affixed to said certificate. There was also stamped on the back of each bond a registration certificate, this certificate likewise being signed by the appellee and sealed with his official seal.

At the February, 1926, meeting of the board of supervisors, the appellee filed a bill for services rendered by him "in certifying to Hancock county road and bridge bonds in the total number of one thousand three hundred eighty-five at fifty cents for the certificate on each bond," amounting to six hundred eighty-two dollars and fifty cents. The board of supervisors rejected and disallowed the bill, and from the order disallowing the same an appeal was taken to the circuit court. The cause was thereafter, by agreement of counsel, heard by the judge in vacation without a jury, and a judgment allowing the claim and directing the board of supervisors to pay the same was entered, and from that judgment the board of supervisors has prosecuted this appeal.

The only provisions of chapter 28, Laws of 1917, which are pertinent to the solution of the question presented by this appeal are found in sections 4 and 5 of the act, which read as follows:

"Section 4. Whenever any bonds are validated under the provisions of this act, the clerk or other proper officer of the county, municipality or district issuing same, shall stamp or write on each of said bonds over his signature and seal, the words 'validated and confirmed by

decree of the chancery (or supreme) court,' together with the date of the rendition of the final decree validating same, which entry shall be taken as evidence of the validation of said bonds in any court in this state.

"Section 5. The court costs in all such cases shall be paid by the county, municipality or district proposing to issue said bonds, and in addition to such costs, it shall also pay to the bond attorney a fee of not more than one-tenth of one per cent., provided said fee shall not be less than twenty-five dollars nor more than one hundred dollars, of the amount of the bonds issued or proposed to be issued. The payment of this fee shall be full compensation for all legal services rendered in connection with the issuance of said bonds."

The appellee does not claim these fees under any of the provisions of chapter 28, Laws of 1917, the act which imposes the duty of certifying the validation of bonds upon "the clerk or other proper officer of the county, municipality or district issuing the same," but he bases his claim and right solely upon the provisions of the general statute fixing the fees which county officers are allowed to charge and collect, this statute being chapter 206, Laws of 1924, the particular sections thereof upon which he bases his claim being subdivisions (s) and (t), under the "Fees of the chancery clerk," and subdivision (w), under "Fees of the circuit clerk," which read as follows:

(s)   Certifying the official act of a justice of the peace, or other certificates with seal .............. .50

(t)   For all other services, the same fees as are allowed clerks of the circuit court for similar services.

(w)   Each separate certificate, except to jurors, required to be under seal .................... .50

Counsel for the appellee insist that, in certifying the validation of these bonds, the appellee was acting in the capacity of clerk of the chancery court, but it seems to us that there is more reason for the view that in so doing he was acting in the capacity of clerk of the board of su-

pervisors.  It is not made the duty of the clerk of the chancery court to certify to the fact of validation of all bonds validated by that court, but the statute expressly imposes that duty on the clerk of the body politic issuing the bonds.  It is true that in the absence of a statute providing otherwise the clerk of the chancery court is the proper person to certify to proceedings had in the chancery court, but this statute has provided otherwise and has authorized only the clerk of the issuing board to perform this duty, and it requires this clerk to so certify whether the validation is by a decree of the chancery court or by final decree in the supreme court. In view of the fact, however, that we are of the opinion that appellee's claim to this compensation cannot be upheld under either view, we deem it unnecessary to expressly decide this point.

Under the provisions of section 2163, Code of 1906 (section 1844, Hemingway's Code), it is provided that it shall be lawful for the various officers in the state to receive and take the fees specified by statute, and no more.  The rule is well settled that statutes authorizing officers to charge and collect fees will be strictly construed as against the officer, and if compensation for services is not clearly provided by statute it must be denied.

The act authorizing the validation of bonds expressly provides that the court costs incurred in such cases shall be paid by the county, municipality, or district proposing to issue such bonds, and, in addition to such costs, that it shall pay a prescribed fee to the bond attorney, but no provision whatever is made for fees for afterwards certifying the fact of validation. The validation proceedings are ended when a final decree is entered of record in the chancery court, unless there is an appeal, in which case the proceedings are finally terminated upon the entry of a final decree in this court, and the fees here claimed are in no sense a part of the court costs. Since the act itself provides for the payment of the

clerk's court costs in such cases, but makes no provision for payment to the officer who is required to certify to the validation of the bonds, we think it is clear that it was not the intention of the legislature that the county should be liable, either under this act or the general fee statutes, for fees for this certification. There is no reason why the legislature should have intended that the chancery clerk should receive compensation for this service in cases where the duty is imposed by the act upon him, while clerks of municipalities, or other such subdivisions of the state or county, proposing to issue bonds, should receive no compensation for performing identically the same service.

We are of the opinion that the compensation of the chancery clerk, if any, must be allowed under subdivision (y) of that part of chapter 206, Laws of 1924, which prescribes the fees of the chancery clerk, the provision of this subsection being that, "For other services as clerk of the board of supervisors or clerk of the chancery court, an allowance may be made to him, within the discretion of the board of supervisors, . . . out of the county treasury," an annual sum not exceeding three hundred dollars in counties where the assessed value of real and personal property does not exceed ten million dollars, and graduated up to an annual sum of not exceeding seven hundred fifty dollars in counties where the assessed value of real and personal property exceeds fifteen million dollars.

The judgment of the court below will therefore be reversed, and judgment will be entered here for the appellant.

*Reversed, and judgment for appellant.*