TUNICA COUNTY *v.* SHANNON.

(Division B. Feb. 23, 1931.

[132 So. 533. No. 29245.]

198

**J. A. Lauderdale,** Assistant Attorney-General, for appellant.

J. W. Dulaney and J. W. Bell, Jr., both of Tunica, for appellee.

Ethridge, P. J., delivered the opinion of the court.

At the December, 1929, term of the chancery court of Tunica county the chancellor entered the following order: "It is hereby ordered by the court that L. C. Shannon, chancery clerk of Tunica county, Mississippi, be and he is hereby allowed for public services rendered by him during the year 1929, and not particularly provided for, the sum of four hundred dollars to be paid by Tunica county, Mississippi, on order of the board of supervisors of said county, to be entered on presentation of this order. Thus ordered this 11th day of December, 1929." The same order was made for the year 1928 by another entry in the same language.

At the July meeting of the board of supervisors the board of supervisors entered an order upon its minutes disallowing the claim of Shannon for the said sum, entering the following order: "It is hereby ordered that the application of L. C. Shannon, chancery clerk of Tunica county, Mississippi, for the payment by Tunica county, Mississippi, of the sum of four hundred dollars ($400.00) for public services rendered by the said L. C. Shannon, chancery clerk during the year 1929 and not particularly provided for, which sum has been allowed to him by the chancery court of said county as shown by certified copy of the minutes of said court be and the same is hereby rejected; and the said L. C. Shannon having excepted to this action of the board and having prayed an appeal from this order to the circuit court of Tunica county, Mississippi, and tendered his bill of exceptions, it is ordered that the same be signed by the president of this board. Thus ordered this the 7th day of July, 1930. G. M. Shaw, president." The same order was made with reference to the claim of the year 1928.

The case was appealed to the circuit court and the bill of exceptions only contained the order of the chancery court and the order of the board of supervisors, above set out. In the circuit court a judgment was entered in favor of the chancery clerk sustaining the contention of Shannon as to the allowance. There was no specification or other matter in the bill of exceptions showing what character and the amount of services had been rendered for which the allowance was asked.

The statute, section 2 of chapter 87, Laws of 1928, par. y, reads as follows: "For other services as clerk of the board of supervisors, or clerk of the chancery court, an allowance may be made to him, within the discretion of the board of supervisors, payable semi-annually at the July and January meetings out of the county treasury as follows." Then follows the classi-

fication, ranging in amount from a sum not exceeding five hundred dollars to a sum not exceeding one thousand two hundred dollars, based upon the assessment value of property in the counties. The Attorney-General has held in an opinion rendered on the 19th day of March, 1929, Biennial Report, 1927-1929, page 97, that the chancery court had no power to make such allowance, and also, by another opinion rendered on the 29th day of November, 1929, holding to the same effect, and this appears to have been the reason for the board of supervisors refusing to allow the claim. It will be seen from a reading of the above section of the law that the allowance is to be within the discretion of the board of supervisors. It is the discretion and judgment of the board of supervisors that the statute authorizes to pass upon the proposition. Nowhere does the statute give to the chancery court 'any jurisdiction to allow this sum out of the county treasury. The Legislature had the right to select the body, or board, or person, or court which should pass upon the question. For reasons satisfactory to itself it placed that discretion in the board of supervisors. The chancery court therefore had no jurisdiction to make the allowance and order it paid out of the county treasury. The allowance was to be made for services either as clerk of the board of supervisors or as chancery clerk, and was to be for other services than those named in section 2, pars. a to x, inclusive, and we think the board was to exercise a legal discretion having relation to the services performed, and what the reasonable value of such services were worth within the statutory limitation.

There is nothing in the bill of exceptions to show that there was any abuse of discretion by the board of supervisors in refusing to make the allowance. The court below evidently proceeded upon the theory that the chancery court had the power to make the allowance, and

the board had no discretion after such order by the chancery court to refuse its payment. Such is not the case. The court below was therefore in error, and the judgment will be reversed and judgment entered here affirming the order of the board of supervisors.

Reversed and rendered.