McQUAY, INC. *v.* HUNTER

No. 40835        October 6, 1958        105 So. 2d 476

*Matthew Harper, Jr.*, Asst. Atty. Gen., Jackson; *Carothers & Fedric*, Grenada, for appellants.

*Wm. O. Semmes*, Grenada, for appellee.

ARRINGTON, J.

This is an appeal by McQuay, Inc., et al., from a final decree of the Chancery Court of Grenada County allowing Byron Hunter, Chancery Clerk, fees in the amount of $4,215.15 in a B. A. W. I. bond issue in the amount of $1,075,000 of District One, Grenada County.

The bonds were validated on February 25, 1955. The appellee, Hunter, filed his claim with the board of supervisors for fees for his services in the amount of $6,478.65, which amount was paid by the board of supervisors. The order of the board recited that $5,375.00 was allowed and paid under subsection (t), Section 3932, Code of 1942, which provides "for all other services, the same fees as are allowed clerks of the circuit court for similar services."

Section 3932, "Fees of the clerks of chancery courts," was amended by Chapter 291, Laws of 1950, which repealed the former act by omitting subsection (t). When this was called to the attention of the appellee, the board of supervisors, and the attorney for the board, the appellee wrote a letter to the President of McQuay, Inc., advising that the allowance of certain fees was erroneously made and that he would make full restitution of the sum erroneously allowed. At a later date, he made a payment of $500 into the bond fund. On June 1, 1956, the appellee filed an ex parte petition in the chancery Court of Grenada County setting out the fact that he was paid the amount of $6,478.65, and that this amount was questioned. In this petition he filed an amended cost bill in the amount of $4,215.15, and asked the court to determine and adjudicate the proper amount that he was entitled to receive for services rendered therein.

McQuay, Inc., and Gordon May and W. H. Fedric, as taxpayers, were permitted by the order of the court to intervene, and they filed an answer to the petition denying that the appellee was entitled to recover. At the conclusion of the hearing, the court stated in its opinion that the question was not one of the chancery court making an allowance as the board of supervisors had already made the allowance, which was more than he was entitled to under the law, but of the chancery court doing equity in the exercise of its inherent power to do equity, and held that the appellee Hunter was entitled to the amount of his amended cost bill in the amount of $4,-215.15, and ordered Hunter, the appellee, to pay back into the bond fund the sum of $2,263.50.

The appellant argues that the chancery court erred in assuming jurisdiction of this matter and that the decree allowing the costs was erroneous. The appellee admits that the original amount allowed the appellee was erroneous, and takes the position that the amount having been erroneously paid, the appellee had the right to have the chancery court, as a court of equity, determine and adjudicate the amount that he was entitled to receive for services rendered.

Section 3928, Vol. 3A Recompiled, Code of 1942, provides: "Lawful to demand specific fees only. It shall be lawful for the clerk of the Supreme Court, the clerks of the circuit and chancery courts, * * * * *, to demand, receive, and take the several fees hereinafter mentioned and allowed for any business by them respectivly done by virtue of their several offices, and no more."

In the case of Board of Supervisors of Hancock County v. Kergosien, 146 Miss. 885, 112 So. 595, the Court held that the chancery clerk was not entitled to a fee of 50¢ for each bond certified under the officer's fee statute and held that the compensation of the chancery clerk, if any, must be allowed under subsection (x) of Section 3932, which provides "for other services as clerk of the

board of supervisors, an allowance shall be made to him (payable semi-annually at the July and January meetings) out of the county treasury as follows: "Based on assessed valuation, from $800 to $1500. Subsection (pp), Section 3932, as amended, makes a further allowance "for public service not particularly provided for, the chancery court may allow the clerk, per annum, to be paid by the county on the order of the board of supervisors, to be entered on the presentation of the chancery court's order, the following amount:" Based on assessed valuation not exceeding $10,000,000—$300; and where the assessed valuation exceeds $10,000,00—$100.

■■ ■ In the case of Tunica County v. Shannon, 160 Miss. 197, 132 So. 533, the Court held that the chancery court was without power to make allowance to chancery clerks for services rendered, such power resting solely within the discretion of the board of supervisors. It is well settled that statutes authorizing officers to charge and collect fees will be strictly construed as against the officer, and if compensation for services is not clearly provided by statute, it must be denied. Board of Supervisors v. Kergosien, supra.

In Hendricks v. Lowndes County, 49 Miss. 612, the Court said: "It is a doctrine of the common law, founded in public policy, that an officer shall be confined to the compensation, or fee prescribed" by statute.

■■ ■ The payment of the fees of public officers is purely statutory, (Hn 3) and we are of the opinion that the chancery court was without power to adjudicate the fees of the appellees in this case. It follows that the decree appealed from is reversed and the petition dismissed without prejudice to the proper authorities to institute proceedings for the recovery of the sum illegally collected by the appellee.

Reversed and petition dismissed.

*McGehee, C. J.,* and *Lee, Kyle* and *Holmes, JJ.,* concur.