SAMUEL DEMERS, A. R. MADDOX AND M. CHARBONEAU v. THE BOARD OF COUNTY COMMISSIONERS OF CLOUD COUNTY.

No. 246.

1. FEES AND SALARIES—*of register of deeds of Cloud County cannot, under act of 1893, exceed eighteen hundred dollars.* The salary of the register of deeds of Cloud County is fixed by the statute regulating the same at eighteen hundred dollars per annum, and cannot exceed that amount.

2. REGISTER OF DEEDS—*liability to county in sum of legal fees for acts shown in quarterly report.* Upon making his quarterly report to the board of county commissioners, they must charge him with the legal fee for each and every act performed as shown therein, and the total amount thereof fixes his liability to the county.

3. FILING PAPER—*officer can charge only one fee for, though, includes several acts.* The filing, or placing on file, of a paper by a public officer may consist of only one, or be composed of several acts ; and where the statute provides for the payment of a fee for filing such paper, that amount constitutes the full fee for performing all, each and every act necessary to be done in order to file the same, and no other or different amount can be claimed or charged; nor can any fee be charged for doing anything in connection with said paper not required by law to be done.

4. REGISTER OF DEEDS—*fee for filing renewal affidavit of chattel mortgage is five cents.* The legal fee which may be charged by a register of deeds for filing a renewal affidavit to a chattel mortgage is five cents.

272   DEMERS v. COMM'RS OF CLOUD CO.

N. Dept.          Opinion.   Gilkeson, P. J.          5 Kan. App.

Error from Cloud District Court. Hon. F. W. Sturges, Judge. Opinion filed January 4, 1897. *Reversed.*

*L. J. Crans*, for plaintiffs in error. *Caldwell & Ellis*, of counsel.

*A. L. Wilmoth*, County Attorney, and *Wilmoth & Ackley*, for defendant in error.

GILKESON, P. J.   Two questions are involved in this case : *First*, the interpretation of chapter 92, Laws of 1893 ; *second*, what is the legal fee of the register of deeds for filing an affidavit of renewal of a chattel mortgage?

Chapter 92, Laws of 1893, "An act regulating the fees and salaries of the County Treasurer, County Clerk, Probate Judge, Clerk of the District Court, and Register of Deeds of Cloud County, Kansas," provides, as to the register of deeds, as follows :

"SEC. 6. That the register of deeds of Cloud County, shall be allowed by the board of county commissioners, as full compensation for his services, the sum of eighteen hundred dollars per annum, said salary to be paid out of the county treasury in quarterly installments, upon the order of the board of county commissioners."

"SEC. 8. That the fees for the services now allowed, or hereafter to be allowed by law for the several officers herein named, shall be charged and collected by the proper officer, and when so charged and collected shall become the property of Cloud County, and on or before the tenth day of each month, for the preceding month, before the hour of four o'clock P. M. the money so collected by each officer, as fees, shall be turned over to the county treasurer by the proper officer, who shall take his receipt therefor in duplicate. One receipt to be kept by the officer or person paying the money, the other to be deposited forthwith

DEMERS V. COMM'RS OF CLOUD CO.          273

Jan. 4, 1897.          Opinion.    Gilkeson, P. J.          C. Div.

in the office of the county clerk, who shall immediately charge the county treasurer therewith under the proper head, in the book kept for the purpose of charging the liabilities of the county treasurer to the county.

"SEC. 9. That at the last of March, June, September and December of each year, or waiting ten days thereafter, each officer named in this act shall file his report in the office of the county clerk, which report shall show all the moneys collected by virtue of being such officer during the quarter just ended for which fees were chargeable by law; he shall be chargeable for the full legal fee to the county for all services performed by such officer, unless the same is remitted by the board of county commissioners; at the time of filing his quarterly report, each officer shall take and subscribe an oath to be attached thereto, substantially as follows: 'I, ————— —————, of Cloud County, Kansas, do hereby solemnly swear that the foregoing exhibit shows all the money, or other things valuable coming into my hands for the quarter ending —————, 18—, by virtue of being such officer, or for which fees were chargeable by law. So help me God.'"

The language of section 6 is very plain in so far as it relates to the amount of compensation of the officer for the performance of his official duties.

1. Salary of register of deeds of Cloud County.

He shall receive eighteen hundred dollars per annum, no more, no less, for all acts performed and services rendered by him as such officer, regardless of the receipts of his office, or other sources of his revenue. This is conceded by all parties to this action.

But the contention is as to what becomes of the *fees* and *moneys* collected by him; to whom do they belong? For it will be noticed that sections 8 and 9 provide for "fees, moneys, or other things valuable," and clearly make a distinction between them.

18—5 KAN. APP.

Section 8 provides :

" That the fees for the services *now allowed or here-after to be allowed by law* . . . shall be charged and collected . . . and when so charged and collected, shall become the property of Cloud County."

Now, what is to be charged and collected? " Fees allowed by law." If not recognized by law they are neither to be charged nor collected. When the fees allowed by law are charged and collected they are the property of, and belong to, the county of Cloud. They must be charged and collected. The money so collected as fees shall be turned over to the county treasurer. We read it, — the money so collected *as fees allowed by law* shall be turned over to the county treasurer ; not money extorted or dishonestly obtained. Surely the county is not asking that it be made *particeps criminis*.

" Sec. 9. . . . shall file his report in the office of the county clerk, which report shall show all the moneys collected by virtue of being such officer . . . for which fees were chargeable by law."

We read it, that the report shall show all the moneys collected for services which were chargeable by law by him as register of deeds. That is, this report should show the sums he collected for the items, and each one of them, for which the law permits him to make a charge of any kind, without regard to the correctness of the charge. To illustrate : for some items he may not have charged and collected the full legal fee through mistake, or, the party from whom it was collectable being unable to pay it, he may have given the difference to him ; for others he may have through mistake or otherwise charged more than allowed by law. But his report must show these things, and the total thereof will then be, "All moneys col-

DEMERS v. COMM'RS OF CLOUD CO.     275

Jan. 4, 1897.     Opinion.   Gilkeson, P. J.     C. Div.

lected during the quarter for which fees were charge-
able by law.''   This view is strengthened by the next
provision of the same section :   ''He shall be charge-
2. Liability to     able for the full legal fee to the county
county is what?     for all services performed by such officer,
unless the same be remitted by the board of county
commissioners.''   This limits, qualifies and explains
what precedes it.   He shall be charged with the
''full legal fee,'' that is, the total amount of the dif-
ferent items at their legal rate.   In other words, if
his report shows fifteen hundred items, each charged
for separately at the legal rate, aggregating the sum
of six hundred dollars, he would then be charged with
six hundred dollars regardless of what he collected —
''unless the same be remitted by the board of county
commissioners.''   Now suppose his report shows that
he collected only $590 for these fifteen hundred items,
then the county commissioners have the power to re-
mit the ten dollars uncollected ; and this is the only
sense in which this remittance clause can be used.

But upon the other hand, let us assume that this re-
port shows an excess ; that for these fifteen hundred
items he has charged $625.   He in the same manner is
charged with the full legal fee, viz., six hundred dollars,
and they cannot remit the twenty-five dollars excess for
the reason that, as they can charge only the full legal
fee, they have nothing to remit ; and it will certainly
not be claimed that the Board, by any process of remis-
sion or otherwise, can empower him to keep this
amount — can legalize his unlawful act.   The charge
against him is confined to the sum total of legal fees
for the items specified in the report — to ''the full
legal fee'' and nothing more, but it may be less in the
discretion of the Board ; and we are further convinced
that this is the intent and meaning of the law when we

276     Demers v. Comm'rs of Cloud Co.

N. Dept.          Opinion.   Gilkeson, P. J.          5 Kan. App.

examine the oath required by section nine, "———— do solemnly swear that the foregoing exhibit shows all the *money* or *other things valuable* coming into my hands . . . by virtue of being such officer, or for which *fees were chargable by law*." This clearly indicates that he must make a report of all the transactions of his office for the quarter without regard to what he is to be charged with. Suppose a deposit had been made with him to cover expected services; he should report this, but could it for a moment be contended that this should be charged up to him and become the property of the county regardless of the amount of work to be done, or whether it was done or not? We think not. The work might never be done, or the party expecting the services might abandon the project and demand his deposit back; could the register say to him, "You must look to the county, the Board of Commissioners took it at such a quarterly statement?" The plain wording of the statute forbids any such idea; the legal fees, those allowed by law and nothing else, when charged and collected, shall become the property of the county. We can conceive of many reasons why this law should be so interpreted, and why the provisions thereof should be framed as they are, and among them perhaps the strongest is, that it affords to the public a protection against dishonest officers by making public their official acts, and establishing evidence of that which before was scarcely susceptible of proof, viz., the collection of illegal fees. And another reason might be given: The county, having relieved the officer of the uncertainty of his compensation, is entitled to the proceeds of all of his official transactions.

This, then, brings us to the question of what is the legal fee for filing a renewal affidavit of a chattel

mortgage.    Paragraph 3905, General Statutes of 1889, provides, among other things : '' Such affidavit shall be attached to and filed with the instrument or copy on file to which it relates.''

Paragraph 3908, General Statutes of 1889, provides :

'' The register of deeds shall keep a book in which shall be entered a minute of all mortgages of personal property, and affidavits filed under this act.    Such book shall be ruled off into separate columns with heads as follows : '' Time of reception,'' '' Name of mortgagor,'' '' Name of mortgagee,'' '' Date of instrument,'' '' Amount secured,'' '' When due,'' '' Property mortgaged,'' and '' Remarks.''    The proper entry shall be made under each of such heads,'' etc.

The date of filing any affidavit, and the amount sworn to be due and unpaid, shall be entered under the head of '' Remarks,'' and an index to said book shall be kept in the manner as required for other records.    Paragraph 3010, General Statutes of 1889, specifies the items of service for which fees may be charged by the register of deeds and the amount of the fee. The affidavit then is to be attached to and filed with the chattel mortgage renewed thereby.    Now the statute nowhere provides for a fee for attaching this paper to the other instrument, but it does for filing, viz. : '' Filing each paper requiring to be filed, five cents.''    The word *file* is derived from the Latin '' *filum*,'' which signifies a thread ; and its present application is drawn from the ancient practice of placing papers on a thread, or wire, for their safe keeping, and greater ease in turning to them.    The origin of the term indicates very clearly that the filing of a paper can only be effected by bring it to the notice of the officer, who anciently put it upon the string or wire.    Accordingly we find that filing a paper is now understood to con-

3. Officer can charge only one fee for filing paper.

278    DEMERS V. COMM'RS OF CLOUD CO.

N. Dept.          Opinion.   Gilkeson, P. J.          5 Kan. App.

sist in the placing it, by the party charged with the duty of filing the paper, in the proper official custody; the officer's duty in filing it, or, strictly speaking, placing it on file, may consist of only one, or be composed of several acts, and under our statute, for the purpose of protecting the public rights, it consists of several, viz., the reception, the attaching, and the making of the proper entry in the book under the head of "Remarks," and there is as much propriety and authority of law for charging for the attaching of the affidavit to the original mortgage with pin, mucilage or otherwise, as for charging for the making of the entry. But it is claimed that this entry comes under the head of "Each entry on index." We think not. The law does not require it to be indexed, and the reason therefor is very apparent; the original instrument is indexed, the affidavit does not affect any new property, and, besides, the entry to be made is not on an index as clearly shown by the last clause in paragraph 3908. But it is contended that the register must indorse on the back the date of reception. By implication from other sections of the statute this may be true, but should he also charge for this? Public officers are frequently required to do certain acts for which they receive no pay, in order to carry into effect those acts for which they are paid; for the sake of public policy, or as a consideration for the privilege of charging for the others allowed by law; instances of this could be given without number, but it is unnecessary. We are clearly of the opinion that the only legal fee that can be charged by the register of deeds with reference to the

4. Fee for filing renewal affidavit. filing of an affidavit of renewal of a chattel mortgage is five cents, and if he by color of his office, unlawfully and wilfully

exacts or demands and receives more, the statute of this State provides for a punishment for him. But by what process of reasoning, under what rule of law, equity or morality, the county is entitled to any benefit from the unlawful act of its officer we are unable to see. We agree with counsel for defendant in error that the officer — Demers — had no right to receive or retain the fees he did for renewal affidavits, but we cannot agree with him that he must pay over to any one else the proceeds of his illegal acts, and we have been unable to find any authority that so holds ; those cited by counsel do not. The propositions in those cases are entirely different from the case at bar, nor do they arise upon statutes in any manner similar to the one under consideration.

The judgment in this case will be reversed and the cause remanded.