## DUCLOS v. HARRIS COUNTY. (No. 8998.)*

(Court of Civil Appeals of Texas. Galveston. Feb. 8, 1927.)

**1. Clerks of courts ⬅35—District clerk of county must account for fees received in tax suits brought by cities, towns, and independent school districts (Rev. St. 1925, arts. 3891, 7343).**

Under Rev. St. 1925, art. 3891, requiring district clerk of county to account for fees of office, district clerk is exempted from accounting for fees in suits for delinquent taxes only when suits are brought by state or county, and must account for fees in suits for delinquent taxes when brought by cities, towns and independent school districts, in view of article 7332, providing that district clerk need not account for fees received in suits for delinquent taxes brought by state or county, and art. 7343, providing that in suits for delinquent taxes brought by cities, towns,

and independent school districts, district clerk's fees shall be same as in other civil suits, and history of Delinquent Tax Act (Acts 25th Leg. [1897], c. 103), and Maximum Fee Bill (Acts 25th Leg. [Sp. Sess. 1897], c. 5) particularly Rev. St. 1911, art. 3893, as amended by Acts 33d Leg. (1913), c. 121.

**2. Officers ☞97—Public officer may collect fees only where law provides therefor and fixes amount.**

Fees may be collected by public officer only in the event that the law provides therefor and fixes the amount thereof.

**3. Officers ☞97—Public officer may retain fees only when law authorizes and clearly fixes amount.**

Fees of office may be retained by public officer only in the event that the law authorizes him to do so and clearly fixes the amount to be retained by him.

**4. Clerks of courts ☞35—Statute expressly exempting fees of district clerk of county from maximum fee bill in certain cases and not mentioning exemption in other cases will be construed to grant exemption only in cases expressly mentioned (Acts 38th Leg. 2d Called Sess. c. 13).**

Since Acts 38th Leg. 2d Called Sess. c. 13, expressly and explicitly exempts fees received by district clerk of county in suits for delinquent state and county taxes from operation of Maximum Fee Bill and makes no mention of exemption of district clerk of county from operation of maximum fee bill statute in suits for delinquent taxes by cities, towns and school districts, court must assume that Legislature intended not to grant exemption in suits for delinquent taxes by cities, towns, and school districts.

**5. Taxation ☞598—Statute making laws for collection of state and county taxes applicable to other taxes held not to exempt county officers' fees in suits for such taxes from Maximum Fee Bill (Rev. St. 1925, art. 7343).**

Rev. St. 1925, art. 7343, providing that all laws for the purpose of collecting delinquent state and county taxes when invoked shall be applied to collection of delinquent taxes of cities, towns, and independent school districts, held not to exempt fees of county officers in suits for collection of delinquent taxes of cities, towns, and independent school districts from operation of the Maximum Fee Bill.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Suit by Harris County against O. M. Duclos. From a judgment for plaintiff, defendant appeals. Affirmed.

Morris, Sewell & Morris and R. H. Ward, all of Houston, for appellant.

Sam C. Polk, of Houston, for appellee.

PLEASANTS, C. J. [1] This is a suit by appellee to recover of appellant the sum of $2,031.60, claimed by appellee as fees of office collected and retained by appellant as district clerk of Harris county in excess of the amount allowed him by the fee bill statute.

Appellant's answer admits the collection and retention by him of fees of office, amounting to $2,708.80, for the years 1923–1924 in excess of the maximum amount allowed him under the fee bill statute, but avers that such fees were all received in tax suits brought by the city of Houston and other municipal corporations in Harris county, and that under the statutes regulating fees of district clerks in such suits, he is not required to account to appellee for any portion of these fees.

The trial in the court below without a jury resulted in a judgment in favor of appellee for the $2,031.60.

There is no fact issue in the case. If the fees collected by appellee, involved in this suit, are excess fees in the purview of article 3891, Revised Statutes 1925, the judgment of the trial court which awards appellee three-fourths of the amount of such fees must be affirmed.

Appellant, under appropriate assignments and propositions, assails the judgment on the ground that the fees involved were not excess fees in the purview of the article just mentioned, but are expressly exempted from the operation of that article and allowed the appellant as additional compensation for services rendered by him in tax suits by articles 7332 and 7343 of the Revised Statutes of 1925.

We cannot so construe these articles of the statute.

Article 7332, which fixes the fees allowed the county or district attorney, the sheriff, the district clerk, and the county clerk, in suits brought by the state or a county to recover delinquent taxes, contains the following provision:

"But these fees shall be paid in lieu of the fees provided for officers where such suits are brought as herein provided. All fees provided for the officers herein mentioned shall be in addition to fees allowed by law to such officers, and shall not be accounted for by said officers as 'fees of office.'"

Article 7343 of the same statute, which authorizes incorporated cities and towns and independent school districts to bring suit under the provisions of this statute to recover delinquent taxes, provides that the fees allowed the city attorney or other attorney for bringing such suits shall be "the same fees as allowed the county attorney or district attorney in suits for collection of state and county taxes." The only provision in this article in regard to fees of other officers in such suits is as follows:

"No other county officer shall receive any fees unless services are actually performed, and in that event he shall only receive such fees as are now allowed him by law for similar services in civil suits."

While the question is not entirely free from doubt, we think these articles of the statute evidence an intention on the part of the Legislature to restrict the exemption of fees allowed district clerks in delinquent tax suits from "being accounted for by said officers as fees of office" to the fees allowed such officers in suits for state and county taxes, and that in suits for delinquent taxes brought by cities and towns and independent school districts, in which the fees of the district clerk are the same as in other civil cases, such fees must be accounted for as "fees of office," under the provisions of article 3891, before cited.

The history and development of our present delinquent tax and maximum fee bill statutes supports this interpretation of these articles.

The Delinquent Tax Act, passed in 1897 (Acts 25th Leg. c. 103), fixes the fees of county and district attorneys in suits brought by them for state and county taxes, and also for the fees of the tax collector, sheriff, and county and district clerks in such suits, the fee allowed district clerks being fixed at $1.50 in each case, unless the suit was settled and dismissed, in which event the clerk's fee should be $1. The act further provides that in no case should the state or county be liable for such fees, but in each case they should be taxed as costs against the land subject to the tax lien. Section 11 of this act provides:

"Any incorporated city or town or school district shall have the right to enforce the collection of delinquent taxes due it under the provisions of this act."

No specific provision is made in the act for the fees of officers in suits brought by a city, town, or school district. When this act was passed there was no law fixing the maximum amount of fees county and district officers might retain, and requiring such officers to account to the county for the fees of office collected by them in excess of such maximum; but the same Legislature in 1897 passed a maximum fee bill (Acts 25th Leg. Sp. Sess. c. 5). Section 15 of this act is as follows:

"It is not intended by this act that the commissioners' court shall be debarred from allowing compensation for ex officio services to county officials not to be included in estimating the maximum provided for in this act, when in their judgment such compensation is necessary; provided, such compensation for ex officio services shall not exceed the amounts now allowed under the law for ex officio services; provided, further, the fees allowed by law to district and county clerks, county attorneys and tax collectors in suits to collect taxes shall be in addition to the maximum salaries fixed by this act."

It must be borne in mind that the district clerk is claiming in this suit fees of office, which do not come within the term "compen-sation for ex officio services," but the fee is one which he is claiming to be due him for official services directly incident to his office, and not for an ex officio service. This section was manifestly treating of ex officio services, but it concludes with the proviso that:

"The fees allowed by law to district and county clerks, county attorneys and tax collectors in suits to collect taxes shall be in addition to the maximum salaries fixed by this act."

This is the only legislative act which expressly authorized district clerks to retain all of the fees collected by them in suits of this character.

This section of the act was carried into the Revised Statutes of 1911 as article 3893. There was no amendment of these statutes until 1913, when the Thirty-Third Legislature, by act of April 3, 1913, being chapter 121, p. 246, Acts 33d Leg., amended article 3893 by repealing or omitting that provision of the article which provides that "the fees allowed" in delinquent tax suits "shall be in addition to the maximum salaries fixed by this act." It seems clear to us that after the amendment of this article 3893 of Revised Statutes of 1911, there was no law authorizing district clerks to retain fees received in delinquent tax suits as additional compensation, and not "fees of office" for which accounting is required under article 3891. There was certainly no statute expressly authorizing the retention of these fees, nor is such authority necessarily implied from any of the statutes pertaining to such fees.

[2, 3] In the case of State v. Moore, 57 Tex. 307, our Supreme Court makes the following statement of the rule by which all officers are bound in the collection and disposition of fees of office:

"It is not believed that any well-considered case can be found in which a public officer has been permitted to collect fees unless the same are provided for, and the amount thereof declared by law. * * * No public officer can withdraw from the state treasury, or impede in its course to the treasury, any money without a law authorizing him to do so, and clearly fixing the amount."

This rule has been uniformly adhered to by our Supreme and Appellate Courts in construing the maximum fee bill statute. Nichols v. Galveston County, 111 Tex. 50, 228 S. W. 547; McLennan County v. Boggess, 104 Tex. 311, 137 S. W. 346; Harris County v. Hammond (Tex. Civ. App.) 203 S. W. 451.

[4] Appellant, while not agreeing with this contention as to the effect of the 1913 amendment to article 3893, insists that, even if that amendment had the effect of requiring him to account for the fees received in delinquent tax suits, his authority to retain such fees was restored by the Act of the Thirty-

*Eighth Legislature,* approved May 26, 1923 (Acts 2d Called Sess. 38th Leg. c. 13).

The pertinent provisions of this act are found in sections 7 and 9 thereof. Section 7 amends article 7691 of the Revised Statutes of 1911, prescribing the duties and fixing the fees of officers in suits to recover state and county taxes. This section of the act fixes the fees of the district clerk in such suits as previously fixed in article 7691, and contains the following provision:

"But these fees shall be paid in lieu of the fees provided for such officers where such suits are brought as herein provided, and all fees provided for the officers herein mentioned shall be in addition to fees now allowed by law to such officers except where otherwise herein specially provided, and shall not be accounted for by said officers as 'fees of office.' "

As carried forward in the Revised Statutes of 1925, art. 7332, the clause, "except where otherwise herein specially provided," was omitted from the above quoted provision of the act.

Section 9 of the act amends article 7699 of the Revised Statutes of 1911, authorizing incorporated cities, towns, and school districts to bring suit under the provision of the delinquent tax statute for the recovery of taxes due such municipal corporations. This section prescribes the proceeding to be followed by such corporations in bringing such suits and the duties and compensation of county officers therein. It provides, in effect, that the district clerk shall receive the fees allowed him by law for similar services in civil suits, and contains no provision exempting such fees from the operation of the accounting provision of the maximum fee bill statute. This section of the act is now article 7343 of Revised Statutes of 1925.

If the Legislature had intended by the act of 1923 to exempt the fees allowed county officers in delinquent tax suits brought by cities, towns, or school districts, such intention would have been clearly expressed and not left to doubtful construction of the language of the act. In dealing with the fees allowed in suits brought by the state or county, the act expressly and explicitly exempts such fees from the operation of the maximum fee bill statute, and, having made this definite exemption in suits brought by the state and county, and made no mention of such exemptions in suits by cities, towns, and school districts, it must be assumed that no such exemption was intended. Ellis v. Thompson, 95 Tex. 22, 64 S. W. 927, 66 S. W. 48.

[5] We do not think that the provision of section 9 of the act (article 7343, Revised Statutes 1925), that "all laws of this state for the purpose of collecting delinquent state and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts in so far as such laws are applicable," can be construed as exempting the fees allowed county officers in such suits from the provisions of the maximum fee bill. The evident sole purpose of this provision of the act was to confer upon cities, towns, and independent school districts in the collection of delinquent taxes all of the remedies given by the act to the state and county, and to apply the rules of procedure provided in suits by the state and county, whenever applicable, to suits by cities, towns, and independent school districts.

It follows from the conclusions above expressed that the judgment should be affirmed; and it has been so ordered.

Affirmed.