COUNTY OF ST. LOUIS v. FRANK L. MAGIE AND OTHERS.[1]

October 9, 1936.

No. 30,737.

[1]Reported in 269 N. W. 105.

*George H. Spear,* for appellants.
*Charles E. Adams,* for respondent.

STONE, JUSTICE.

Action against a former sheriff of St. Louis county and his sureties to recover uncollected fees earned by the sheriff. After trial

without a jury, decision went against defendants, and they appeal from the judgment.

■ There is neither settled case nor bill of exceptions. Hence the only question for us is whether the findings of fact justify the conclusions of law and the resulting judgment. Some of the evidence is in the printed record here. To that extent there has been a waste of effort and money, for our consideration is confined to the pleadings and the decision below, as explained by the searching memorandum which is part of it.

■ The defense by answer is that it was long the custom of St. Louis county sheriffs to accept papers for service without advance collection of the fees and then to hold the originals until the fees were paid. The office apparently is still holding about all the papers in the service of which the fees now in question were earned. There is a general finding that defendant Frank L. Magie, the sheriff, duly performed all the duties of his office. That is qualified by the explicit finding that the fees to recover which this action is brought remain uncollected, and another that the sheriff followed the practice of retaining process and papers served in his office until the fees were paid. In the light of the explanatory memorandum and the answer, the decision indicates no effort on the part of the sheriff or his sureties to show by evidence what, if any, effort was made to collect fees remaining unpaid.

The sheriff of St. Louis county is a salaried official with no personal interest in the fees earned by him. L. 1911, c. 145; L. 1921, c. 492; L. 1925, c. 130. The same is true now "unless otherwise provided by law" of "every county official * * * receiving a stated salary." 2 Mason Minn. St. 1927, § 7018. The salary is "in full compensation for all services and expenses whatsoever," and the county officials are obligated by law to file monthly with the county auditor "a correct statement of all fees received," and to "turn the same into the county treasury."

The case thus presents for the first time under our salary acts the question as to the measure of liability of salaried officials for fees earned but uncollected by them.

Surely, when a fee office is by statute put upon a salary basis, its fees are by clear implication, if not expressly, made public property. As to state officers, the mandate is that the fees "shall be collected by such officers." 1 Mason Minn St. 1927, § 121.

■ As to county officers, our statutory law is somewhat ambiguous. The elder statutes, going back to the time when common-law rules still prevailed to some extent, have not been amended so as to harmonize with the salary acts. For example, we have in § 7014 the declaration that no such officer "to whom any fee or compensation is allowed by law for any service, shall take or receive any other or greater fee or reward for such service than he is allowed by law, and no fee or compensation shall be demanded or received by any officer or person for any service unless the same was actually rendered." There is a stated exception of "prospective costs" not now material. 2 Mason Minn. St. 1927, § 7014, is a revision of the similar portion of G. S. 1878, c. 70. It is not to be construed so as to prevent any salaried officer from demanding, in a proper case, payment in advance for the official services required of him. The purpose of § 7014 is not to disable any official from collecting his fees in advance. It is only to prevent the exaction of greater fees than the law allows. There are cases where payment in advance may not be demanded. Between them and those where advance compensation is properly demandable we need not now draw the line.

■ The general rule is said to be "that a public officer is personally liable to the public corporation under which he holds for a failure to collect the statutory fees for his services." Ann. Cas. 1916B, 188, citing Lincoln County v. Twin Falls N. S. L. & W. Co. 23 Idaho, 433, 130 P. 788; Demers v. Bd. of Co. Commrs. of Cloud County, 5 Kan. App. 271, 47 P. 567; and Lucas v. Clafflin & Co. 76 Va. 269. See also Twin Falls County v. West, 25 Idaho, 271, 137 P. 171, Ann. Cas. 1916B, 185, and Naylor v. Vermont L. & T. Co. 6 Idaho, 251, 55 P. 297. Without considering the special circumstances of those cases, we pass to local statutory and decision law. The rule is well settled by the latter that for either public or private moneys paid to or deposited with a public officer in this

state he is liable absolutely, as in cases where the money is lost by the failure of a depository or by theft. N. P. Ry. Co. v. Owens, 86 Minn. 188, 90 N. W. 371, 57 L. R. A. 634, 91 A. S. R. 336. The obligation is that of an insurer. 22 R. C. L. 468.

After the clerk of court of Hennepin county was put upon a salary basis there arose a question as to fees collected for what he considered extra-official services rendered to private individuals. The decision went against him in Board of Co. Commrs. of Hennepin County v. Dickey, 86 Minn. 331, 337, 90 N. W. 775, 778. The change wrought by the salary act was stressed and its effects stated in this language:

"It is quite clear from the very terms of this act that the county was to have all emoluments for the clerk's official services, or which could be reasonably obtained by a faithful administration of the office. Conceding that the clerk might have waived his own right to claim a fee before this act, or could render services for less than scheduled rates, he had no right to do so thereafter, but for every service reasonably suggesting compensation it was then his duty to demand the full remuneration allowed by law."

In respect to fees earned by him, a salaried county official under our law is at least in the position of a trustee of public money. Without more, that imposes upon him the highest practical degree of care to conserve public interest. "It is the policy of the law to hold an official custodian of public funds to strict accountability." "He is responsible [if not as an insurer] to the same degree as the trustee of a private trust fund." 46 C. J. 1038. In some cases he may not legally demand payment in advance. In all others, no extension of credit is authorized by law. In this case indulgence seems to have been very much the practice, and the confidence placed in patrons of the office was by so much misplaced to the public loss. A precedent of that kind has no place in the law.

The rule we think must be, and is, under the salary acts, that the sheriff is liable, not only for moneys actually collected but also for those which should have been collected by him in the proper performance of his duties. In practical application, that means

that in all cases where payment is demandable in advance the sheriff is liable absolutely for uncollected fees. In those where, under the law and special circumstances of the case, payment in advance is not demandable, and services are rendered, the sheriff is obligated to exercise the highest degree of diligence to effect collection. If they remain unpaid, he can escape liability only by showing that his efforts to collect have measured up to the required standard, the burden being upon him to make that showing. That burden is not met by the defense in this case, which is simply that papers were served and without more the originals held pending payment of the fees, for which, as already stated, the office is still waiting. Any collector for a well managed private enterprise who set up such a practice, or any executive who condoned it, would have to show cause why some more diligent person should not have his job. Any rule of conduct too lax for private affairs is even more so for those of the public.

We are mindful of the common-law rule which prevented exaction of official fees in advance of the service. That rule has been so changed by the salary acts that it is only historically interesting now.

■ The custom of the sheriff's office of serving papers and then merely holding the originals for payment of the fees comes so far from having any justification in the law that, however much acquiesced in by public examiners or auditing officials, it failed utterly as a defense.

■ While the court found that defendant performed the duties of his office, it is quite obvious to us that it did not intend to make a finding either way as to defendant's diligence in attempting to collect the fees here involved. The case was erroneously tried by the court on the theory of absolute liability, and the defense interposed was the plea of custom and acquiescence just mentioned. The issue is one of great public importance, and we feel that in furtherance of justice it should be tried on the theory indicated herein. We therefore reverse the judgment and remand the case for a new trial.

So ordered.

HILTON, JUSTICE (dissenting).

I dissent. The lower court found that the defendant sheriff "duly performed all the duties" of his office, yet as a conclusion of law held that the sheriff was indebted to the county for failure to account for and turn over certain moneys earned but not collected. The only assignment of error is that "the findings of fact do not justify the conclusions of law and a judgment for plaintiff respondent." Thus there is no settled case nor bill of exceptions, nor was any transcript of the proceedings below brought up. We are bound to presume that the findings had sufficient support in the evidence, for this court, under circumstances as here exist, has followed consistently, since 1872 (see Knoblauch v. Kronschnabel, 18 Minn. 272 [300]), the rule that error will not be presumed, but, on the contrary, it will be presumed that competent evidence was introduced to sustain the facts found. And in Peach v. Reed, 87 Minn. 375, 380, 92 N. W. 229, this court not only restated the rule but went so far as to hold that in a case such as this, "No question as to the sufficiency of the pleadings to support the judgment can be raised * * *. And * * * if the facts found are not within the issues made by the pleadings, it will be presumed, the record not showing to the contrary, that such facts were litigated by consent." These cases have been followed time and time again and as late as 1934 in the case of Elton v. N. W. Nat. L. Ins. Co. 192 Minn. 116, 255 N. W. 857. It would seem then that we necessarily must assume that the lower court was conscious of the nature and meaning of the finding it made, for, as stated in State v. Minnesota & Ontario Paper Co. 147 Minn. 369, 373, 180 N. W. 548, 549: "Facts are presumed to be found from a consideration of the evidence and nothing else." Thus under the assignment of error here and on the state of the record it appears to me that judgment should be ordered in favor of all the defendants.