

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 25, 1947

Hon. Looney E. Lindsey
County Attorney
Upshur County
Gilmer, Texas

Opinion No. V-312

Re: Obligation of a
Justice of the
Peace to accept
or collect and to
account for fines
and costs in his
Court.

Dear Sir:

You have requested an opinion from this Department concerning the following questions:

"1. Are justices of the peace re-quired to collect fines, costs, etc., in their courts and if so, what is their compensation?

"2. Are justices of the peace authorized to collect fines, costs, etc. assessed in their courts, and if so, what is their compensation?

"3. Does the record keeping and accounting for monies collected as costs and fines by justices of the peace under Article 1619, V.A.C.S. 1925, constitute a part of the official duties of their offices and if so, what is their compensation?

"4. Are justices of the peace re-quired to accept fines, costs, etc. as-sessed by said justices of the peace in proper cases on pleas of guilty and tend-ered to such justices either by the defend-ant or by an officer collecting same if the justice remands the defendant to the officer for the satisfaction of same?"

We quote the following pertinent statutory provisions:

Art. 944, V.C.C.P.

"All officers charged by law with collecting money in the name or for the use of the State shall report in writing under oath to the respective district courts of their several counties, on the first day of each term, the amounts of money that have come to their hands since the last term of their respective courts aforesaid."

Art. 945, V.C.C.P.

"Such report shall state:

"1.   The amount collected.

"2.   When and from whom collected.

"3.   By virtue of what process collected.

"4.   The disposition that has been made of the money.

"5.   If no money has been collected, the report shall so state."

Art. 946, V.C.C.P.

"A report, such as is required by the two preceding articles, shall also be made of all moneys collected for the county, which report shall be made to each regular term of the commissioners court for each county."

Art. 947, V.C.C.P.

"The officers charged by law with the collection of money, within the meaning of the three preceding articles, and who are required to make the reports therein mentioned, are:  District and county attorneys, clerks of the district and county courts, sheriffs, constables, and justices of the peace."

Art. 950, V.C.C.P.

"The district or county attorney shall

be entitled to ten per cent of all fines, forfeitures or moneys collected for the State or county, upon judgments recovered by him; and the clerk of the court in which said judgments are rendered shall be entitled to five per cent of the a-mount of said judgments, to be paid out of the amount when collected."

Art. 951, V.C.C.P.

"The sheriff or other officer, except a justice of the peace or his clerk, who collects money for the State or county, except jury fees, under any provision of this Code, shall be entitled to retain five per cent thereof when collected." (Emphasis ours)

Art. 1619, V.C.S.

"Fines imposed and judgments rendered by justices of the peace shall be charged against the justice imposing or rendering the same. He may discharge said indebtedness by filing with the county clerk the treasurer's receipt for the amount thereof, or by showing to the satisfaction of the commissioners court that he has used due diligence to collect the same without avail, or that the same have been satisfied by imprisonment or labor."

The Court held in the case of McLennan County v. Boggess, 104 Tex. 311, 137 S.W. 346, that Article 1143, V.C.C.P. (1911) (now Article 950, V.C.C.P.) was inapplicable to a justice of the peace. We quote the following from said case:

"With regard to the collection of fines, forfeitures, or money due the state or county, while article 1013, (now 947) Code of Criminal Procedure, charges justices of the peace with the duty of collecting money, within the meaning of articles 1010, 1011, and 1012 (now 944, 945, 946) of the Code of Criminal Pro-

cedure, which relate to the collection of money in the name of the state, and the report thereof to the respective district courts of their several counties, and of money collected for the county to the commissioners' court for each county, and prescribing the nature of such report, it is clear that the exercise of such duty of collection means only their authority to receive the money from the person adjudged to pay, or from the officer by whom it is in fact collected, and pay over to the proper source. It is immaterial whether or not the justice, as such officer, should in the exercise of his duty be required to perform some services without compensation having been provided therefor by law. Such is held to be incident to the office, upon the acceptance of which the obligation to perform is imposed. The mere fact that the nature of his office and the duties imposed require him to perform, in addition to judicial, certain ministerial services, is not sufficient to warrant the implication that, because 5 per cent of the judgment collected is awarded the clerk of the court in which such judgment is recovered, therefore it was the intent and purpose of the lawmaker to include in the term 'clerk' that of justice of the peace." (Parenthesis ours)

In view of the foregoing, it is the mandatory duty of the justice of the peace to exercise due diligence to collect fines assessed in his Court; to accept such fines and costs tendered to him by the defendant or by an officer who has collected the same; to keep a record of all monies received by him in payment of fines; and to make reports thereof and to account for same at the times and in the manner prescribed by the statutes.

The Constitution fixes the compensation that may be paid certain officers and authorizes the Legislature to fix the compensation of other officers. The rule in Texas relative to compensation of public officials is that "an officer may not claim or receive any

money without a law authorizing him to do so, and clearly fixing the amount to which he is entitled." McLennan County v. Boggess, supra. Binford v. Robinson, 244 S.W. 807; Crosby County Cattle Company v. McDermett, 281 S.W. 293; Duclos v. Harris County, 291 S.W. 611, affirmed 298 S.W. 417.

This office has repeatedly ruled that a justice of the peace is not entitled to retain commissions on fines collected. Attorney General's Opinions Nos. O-1162, O-4091, O-5108 and O-5180.

Therefore, it is our further opinion that the justices of the peace are not entitled to compensation for collecting fines and costs assessed in their courts or for keeping a record and accounting for same.

## SUMMARY

It is the mandatory duty of a justice of the peace to exercise due diligence to collect fines assessed in his Court; to accept such fines and costs when tendered to him by the defendant or by an officer who has collected same; to keep a record of all moneys received by him in payment of fines; to make reports thereof and account for same at the times and in the manner prescribed by the statutes. Such duties are an incident to the office of justice of the peace for which no special compensation has been provided by the Legislature. McLennan County v. Boggess, 104 Tex. 311, 137 S.W. 346; Arts. 944, 945, 946, 947, 950, 951, V.C.C.P.; Art. 1619, V.C.S.

Very truly yours

JR:djm

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Price Daniel*

ATTORNEY GENERAL

By *John Reeves*

John Reeves
Assistant