## Lawrence County Controller's Report

*Ralph A. Cooper*, for controller.

*Caldwell & McFate*, for exceptant.

BRAHAM, P. J., March 15, 1950.—The annual report of Andrew M. Dodds, controller, for the year 1949 surcharged Orville Potter, register of wills, in the sum of $1,399.50 for failure to collect fees at the increased rates established by the Act of May 9, 1949, P. L. 915, sec. 1, 20 PS §2045.

Each party, apparently waiving the right to have the case tried before a jury, introduced a small amount of evidence, but the question is essentially one of law. From the evidence we make the following

### Findings of Fact

1. Lawrence County is a county of the sixth class and Andrew M. Dodds is and was during the year 1949 the county controller.

2. Orville Potter was during 1949 and the 11 years prior thereto the Register of Wills and Recorder of Deeds of Lawrence County, the offices being combined

pursuant to the Act of March 25, 1850, P. L. 277, sec. 4. On January 2, 1950, Edward E. McConaghy took office as the newly elected register of wills.

3. From about 1858 until May 9, 1949, the Register of Wills of Lawrence County was governed in his charges by the same fee bill. During the year 1949 and for sometime prior thereto he was paid only by salary and the fees of his office belonged to the State and county.

4. On May 9, 1949, the General Assembly, with the assent of the Governor, adopted a new fee bill for registers of wills of counties of the sixth class which substantially raised the fees to be charged by registers of wills for their services. The fees fixed for letters of administration and letters testamentary were on a graduated basis, varying according to the net amount of the estate.

5. Exceptant knew that a new fee bill for his office was under consideration by the legislature in 1949. He received information from the Association of Registers of Wills to the effect that the new act would become effective January 1, 1950. He depended upon the association to keep him advised.

6. The controller did not know that the new fee bill had become effective until after January 1, 1950. During the interval between May 9, 1949, and January 1, 1950, he had made periodic inspection and tentative audit of the books of the register but did not require or advise him to charge the larger fees.

7. After the new register of wills took office January 12, 1950, the discrepancy in fees was discovered and the present surcharge resulted. Neither the former register of wills nor the new register of wills was confident of his ability to collect the unpaid balance of fees.

8. Since the imposition of the surcharge upon request by exceptant various payments have been made on ac-

count of the old fees which have been deposited in the county treasury.

9. Admittedly many of the estates which were charged insufficient fees are still open. The evidence does not disclose whether any are closed.

10. No final loss to the County of Lawrence has been shown to have been suffered by the failure of exceptant to collect in full the fees fixed by the Act of 1949.

### Discussion

The register of wills did not know that the provisions of the new fee bill for counties of the sixth class established by the Act of May 9, 1949, P. L. 915, 20 PS §2045, became effective on the day it became a law. Acting thus ignorantly he failed to collect the full amount of fees prescribed by the new act. He has been surcharged with the difference between the fees collectible under the new fee bill and those collected under the old for the period from May 9, 1949, to January 1, 1950. The propriety of the surcharge is the matter before the court.

If the estates are still open and the deficiency in fees can still be collected, obviously the surcharge can be sustained only if the fees were payable in advance and the register of wills became personally liable for them from the moment when he might first have demanded them. This was not the rule at common law. The old rule prevented collection of official fees in advance of the service: County of St. Louis v. Magie et al., 198 Minn. 127, 269 N. W. 105, 108. The common-law rule and its gradual change by statute is apparent in the Act of February 22, 1821, P. L. 50, 7 Sm. L. 367, sec. 15, 65 PS §135, which concludes:

"And provided also, That it shall be lawful for the recorder of deeds and register of wills to receive the fees for recording the same at the time the deed or

deeds, will or wills, are left at his office for recording, any law or usage to the contrary notwithstanding".

The Act of February 22, 1821, was permissive only and has never been followed by a statute making it the duty of the register of wills to collect all fees in advance. Instead all the acts speak only of accounting for fees actually received. The Act of March 10, 1810, P. L. 79, 5 Sm. L. 105, sec. 1, 72 PS §3214, which directed payment to the Commonwealth of the fees received by the register in excess of $1,500; the Act of April 2, 1868, P. L. 3, sec. 8(7), as amended by the Act of May 11, 1901, P. L. 175, sec. 1, 16 PS §2861, which directed payment of fees in excess of $2,000 to the county; the Act of May 6, 1874, P. L. 125, sec. 1, as last amended by the Act of March 30, 1921, P. L. 69, sec. 1, 16 PS §2862, and the Act of March 15, 1932, P. L. 135, secs. 34 and 35, 20 PS §§2041 and 2042, all refer to "all fees received".

It must not be concluded that the register of wills is under no responsibility for costs unless he actually collects them. The general rule which is emphatically otherwise has been stated thus: "A public officer is personally liable to the public corporation under which he holds for a failure to collect the statutory fees for his services": Annotation Ann. Cas. 1916 B. 188; Demers et al. v. Board of Commissioners of Cloud County, 5 Kan. App. 271, 47 Pac. 567; Nayler v. Vermont Loan & Trust Co., 6 Idaho 251. There are interesting variations of this principle, with the authorities not all in accord, the forms of the statute usually being controlling. In State v. Chicago & E. I. R. Co. et al., 145 Ind. 229, 43 N. E. 226, in which the statute made payment of the fee a prerequisite to filing and the customer had not paid the fee, it was held there was no record. Elsewhere it has been held that when the official who has been ordered to demand his fees before performing the services accepts and records the docu-

ment without collecting the money he is personally liable: Fooshee v. Snavely, 58 F.(2d) 774; American Exchange National Bank of Dallas v. Colonial Trust Co., 186 S. W. 361.

In the case at bar the liability of the register of wills may be the better understood by contrasting the legislation governing registers with that governing sheriffs. As to sheriffs the Act of July 11, 1901, P. L. 663, sec. 2, as amended by the Act of May 23, 1923, P. L. 347, sec. 1, 16 PS §2662, emphatically directs that:

"No sheriff shall be required to render any service in any civil proceeding until he receives indemnity satisfactory to him for the payment of his official fees, mileage, expenses and legal costs, or prepayment of same".

By the Act of May 11, 1925, P. L. 559, sec. 2, 16 PS §2462, the sheriff is required to "exact, collect, and receive" the fees. He is required to keep entries of "all moneys earned" and from whom "received or due" and to furnish a transcript of all fees "received or earned and outstanding".

Paragraph 3 of the act makes his "neglect to charge for any official services the fees allowed by law" a misdemeanor. In Crawford County Auditors' Report, 11 D. & C. 63, the decision holding the sheriff liable for fees which he did not collect is based largely on the provisions of the statute.

There is nothing comparable in the law with respect to fees of registers of wills. The Act of May 9, 1949, and the Fee Act of April 2, 1868, P. L. 3, sec. 7, 20 PS §2043, which it replaced, provide merely that "the fees to be received by the Register of Wills shall be" . . . . There is reason for the difference. When a proceeding is started before the register of wills it usually relates to the adjudication and administration of a fund. The process is a continuing thing and as long as the fund is still in process of administration the register's fees are

a preferred claim. Indeed provision has been made for collection even after the proceeding is ended. The Act of June 7, 1917, P. L. 415, sec. 23, 20 PS §2022, allows the register to file his bill of costs in the orphans' court and issue execution thereon.

Actually the Act of May 9, 1949, P. L. 915, which is here under examination, discloses a legislative intent not to require all fees of the register of wills to be demanded in advance. The fees for letters testamentary and letters of administration are graduated according to the amount of the estate, "exclusive of advertising" in one case and "exclusive of State tax" in estates exceeding $100,000. The precise amount of these fees could not be determined in advance.

When the legislature made the fees fixed by the Act of 1949 effective immediately it doubtless had in mind the continuing power of the register of wills to collect his fees during the process of administering estates. How else can the imposition of the new fees instantly be explained? The difficulty experienced by lawyers and judges in obtaining authentic information during a session of the legislature concerning laws currently passed is well known. The problem is more difficult for the register, who is usually a layman. The legislature doubtless recognized that if the register did not learn of the act at once he could nevertheless collect later. The courts are entitled to assume that the legislature did not intend a result that is "absurd, impossible of execution, or unreasonable"; Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 52, 46 PS §552. Whether the register, within his sphere, has the same power as a court to entertain proceedings in forma pauperis need not now be determined.

Prior to the Act of June 29, 1923, the office of register of wills in counties of the sixth class was a fee office. By prior statutes the Commonwealth took a

share of the fees in excess of a certain figure (Act of May 10, 1810, P. L. 79, 72 PS §3214). Later the county took the excess: Act of April 2, 1868, P. L. 3, sec. 8(7) as amended, 16 PS §2861.

By the Act of March 24, 1818, P. L. 300, 7 Sm. L. 135, sec. 1, 72 PS §3217, a register of wills was authorized to receive the fees due his predecessor and was directed to account to the Commonwealth for its share. The reason is apparent. The Commonwealth as well as the former officer was interested. This statute has never been repealed and its principles are believed to be applicable today, despite the change in conditions. The county, as nominee of the Commonwealth, now gets all the fees. The register of wills must still account to the county for all fees, although to the Commonwealth only for taxes and a few miscellaneous fees. Nevertheless, the register of wills still has the power and the duty to collect the additional fees due the office which remained unpaid at the expiration of his predecessor's term. He has the power as a necessary incident to his office. The fees no longer belong to the register, they belong to the county. The register has the power and the duty to receive the fees to the end that the people who have selected him may not suffer loss.

The evidence presented makes no showing as to certain or probable loss to the county from a failure to collect the larger fees from any estate. If all the estates are solvent and are still open, there need be no loss. The present register of wills should at once present bills for all unpaid fees. Audit of accounts will be held on March 31, 1950. Demand for additional fees on or before that time will assure payment in every case with assets for distribution.

Mr. Potter, the register and recorder, has behind him a record of long and meritorious service. A surcharge should not be imposed upon such a one unless the law

requires it. Loss to the county must be prevented if possible; but the law must not seek to do harm gratuitously. There may be estates in which failure to collect the larger fees promptly has resulted in loss because the fees can no longer be collected. These instances, if they exist, are not pointed out to us. For all we know much of the discrepancy may be accounted for by a failure to collect fees which, under the new act, are uncertain in amount.

Whether the court has the right to take into account Mr. Potter's lack of knowledge of the new law, the difficulty of learning its provisions, and the measure of deception practiced upon him by the very association which he depended upon to keep him informed need not now be decided. In Twin Falls County v. West et al., 25 Idaho 271, 137 Pac. 171, where the county commissioners had made a private agreement with a land and water company for the payment of reduced recording fees, it was held that the recorder should not be surcharged for his failure to collect the legal fees.

The disposition which we make of this case will leave the way open for the controller to point out cases of real loss. Then it will be necessary to determine whether there is anything in the equities of the case to soften the rigor of the general rule which makes the public officer liable for loss suffered by his failure to collect the statutory fees of his office.

What we decide in this case is that a wholesale surcharge based upon the failure of the register of wills to collect in advance the fees imposed by a new fee bill of which he did not have knowledge, cannot be sustained in the absence of evidence of actual loss and where no effort has been made by the successor to collect the fees from estates still in the process of settlement. The way is left open for a surcharge on real loss.

183

## Conclusions of Law

1. Under the fee bill of 1949 the register of wills is not required in every case to collect in advance the full fee for his services.

2. The fees of the office of register of wills belong to the county, not to the register.

3. A register of wills has the power and duty to collect fees which should have been collected by his predecessor in office when the estates are still open.

4. Whether the court can consider the register's lack of knowledge of a new fee bill in determining a surcharge for fees not collected may be determined when evidence of actual or probable loss has been presented.

## Order

Now, March 15, 1950, the appeal of Orville Potter, register of wills, from the report of Andrew M. Dodds, county controller, for the year 1949 is sustained and the surcharge of $1,399.50 is stricken off unless within 30 days an amended surcharge be filed, specifying in detail the specific losses suffered by the county because of the county's inability to collect the fees upon further action by the present register of wills.