QUESTION:
Where services primarily benefiting a private party are performed by a public agency prior to the payment for the services by said party, does the same constitute an unlawful giving, lending, or using of the public taxing power or credit to aid said private party; what different answer to this question, if any, is necessary because of distinctions between governmental and proprietary functions?
SUMMARY:
Statutorily authorized or required fees or service charges collected by public officers represent charges which the state or a county makes for services rendered by it through its officers and constitute a fund subject to the control of the Legislature. Unless otherwise provided by law, such fees or service charges are due and payable in advance of or upon the rendition of services which the public officer is authorized or required by law to perform. If a public officer fails to collect fees or service charges for services performed, he must bear the loss unless otherwise provided by law. Accordingly, explicit statutory authorization is required to enable a public officer to extend credit for the payment of fees or service charges or to authorize an officer to bill and collect the fees earned after the services are performed.
Public officers may collect fees and service charges for services rendered only when and to the extent authorized by law. 67 C.J.S.Officers s. 90, p. 328; Bradford v. Stoutamire, 38 So.2d 684
(Fla. 1949); Furnia v. Grays Harbor County, 291 p. 1111 (Wash. 1930); Duclos v. Harris County, 291 S.W. 611, aff'd, 298 S.W. 417
(Tex. 1927). An officer demanding fees or service charges from the public or the state or other governmental bodies must point to a particular statute authorizing them. 67 C.J.S. Officers s. 90; State ex rel. Holcombe v. Stone, 166 So. 602 (Ala. 1936). Moreover, such statutes are to be strictly construed. Bradford v. Stoutamire, supra at 685; McQuay, Inc. v. Hunter, 105 So.2d 476
(Miss. 1958). Fees or service charges collected by public officers represent charges which the state (or county) makes for services rendered by it through its officers and constitute a fund `subject to the control of the state to be applied as the Legislature directs.' Flood v. State, 129 So. 861, 864 (Fla. 1930). See Flood v. State, 117 So. 385, 386 (Fla. 1928), defining fee as `a charge fixed by law for the services of public officers. . . .' Accord: Covington v. Quitman County, 17 So.2d 597 (Miss. 1944); Webster County v. R. T. Nance, 362 S.W.2d 723 (Ky. 1962).
In light of the foregoing, therefore, it is unnecessary to distinguish between governmental and proprietary functions, since all fees or other charges collected by public officers constitute public funds subject to the control of the Legislature. In this regard, an examination of the Florida Statutes reveals several examples of legislative authorization for the collection of fees and other charges by state and county officers and requirements relative to the accounting for and reporting of such fees or charges. See e.g., s. 111.03, F. S., providing for the collection, accounting, and depositing of fees which are collected or received by any person connected with any state administrative office; s.113.02, F. S., stating that no commission shall be issued by the Governor or attested by the Secretary of State until the fee fixed and required by s. 113.01, F. S., ($10) shall first be paid; s.116.03, F. S., requiring each state or county officer who receives all or any part of his compensation in fees or commissions or other remuneration to keep a complete report of fees and commissions or other remuneration collected by him and to report same annually to the Department of Banking and Finance; s. 218.36, F. S., mandating that each county officer who receives any compensation in fees, commissions, or other remuneration must keep a complete record of same and make an annual report thereof to the county commission; s. 215.31, F. S., providing that revenue, including licenses, fees, imposts, or exactions, collected or received under the authority of the laws of the state by each state official or other agency of the state shall be promptly deposited in the State Treasury; s. 215.37, as amended by Ch.77-147, Laws of Florida, providing that state examining and licensing boards are to be financed from fees collected; s.219.06, F. S., providing procedures for the collection of fees, commissions, and other compensation by county officers.
In other statutes, the Legislature has specifically prescribed the fees which are to be paid for the rendition of certain services.See, e.g., s. 15.09, F. S. (1976 Supp.), providing for fees to be collected by the Department of State; s. 28.222(3), F. S., requiring the clerk of the circuit court to record certain kinds of instruments `upon payment of the service charges prescribed by law'; s. 28.2401, F. S., as amended by Ch. 77-284, Laws of Florida, providing for `the fees to be charged' by the clerk in probate matters; s. 320.081(1), F. S., as amended by s. 12, Ch.77-357, Laws of Florida, providing for the issuance of license plates to evidence payment of annual license fees for certain mobile homes; and ss. 322.12 and 322.121, F. S., providing that prescribed drivers license examination and periodic reexamination fees shall be collected at the time of examination or reexamination.
When the Legislature has prescribed the manner in which fees or service charges are to be paid, this method is controlling. 67 C.J.S. Officers s. 99(a), p. 359; Anderson v. City of Rockford,59 N.E.2d 327, 328 (Ill.App. 2d 1945). However, where a statute prescribes the fees which an officer shall receive and omits to provide when, how, and by whom they shall be paid, the person at whose request the service is rendered shall be liable, and the officer is entitled to payment as the services are performed. 67 C.J.S. Officers s. 99; Baldwin v. Kouns, 2 So. 638, 639 (Ala. 1887).
Moreover, unless otherwise authorized to do so by law, a public officer charged with the collection of fees may not accept anything but money (i.e. cash) in payment thereof. See Baker v. State Highway Department, 165 S.E. 197, 202 (S.C. 1932) in which the court held that the state highway commission had no power to accept cashier's checks or personal checks in payment of license fees; AGO 073-26 concluding that in the absence of statutory authority a state agency may not accept credit cards in payment of goods or services — or licenses or taxes — supplied or collected by it; AGO 074-374 holding in part that the Department of Professional and Occupational Regulation was not authorized to require payment of license fees by any medium of payment other than United States legal tender or money. Cf. 84 C.J.S. Taxation
s. 623, p. 1242, stating the general rule that taxes must be paid in cash; Peninsula Land Co. v. Howard, 6 So.2d 384, 390 (Fla. 1942); Wadsworth v. State, 142 So. 529, 530 (Ala. 1932). Thus, the acceptance of a check by a public officer constitutes only conditional payment, and if the check is never presented or is dishonored, the tax or fee remains a charge. 84 C.J.S. Taxation s. 623, p. 1243; AGO's 074-374 and 073-26; cf., s. 28.243, F. S., providing, in part, that the clerk of the circuit court shall be personally liable for worthless checks unless the clerk `after due diligence to collect the returned check, forwards the returned check to the state attorney of the circuit where the check was drawn for prosecution'; s. 215.34, F. S., providing the procedures for processing a worthless check given in any payment of any `license, fees, taxes, commission or charges of any sort authorized to be made under the laws of the state and deposited in the state treasury . . .'; and s. 832.06, F. S., providing for processing worthless checks given to county tax collectors for certain fees, licenses and taxes.
Similarly, with respect to the time at which public officers are required to collect payment for fees or service charges, the general rule is that payment is due at the time the services are performed, unless otherwise provided by law. 67 C.J.S. Officers s. 99. See also 70 C.J.S. Payment s. 5, p. 216, stating that one becomes liable for the payment of money when all the essential acts and happenings to fix liability on the person to be charged have transpired. Fees are sometimes payable in advance of the performance of the official service. See 67 C.J.S. Officers s. 99; and s. 30.51(2), F. S., providing that certain sheriff's fees, or a deposit sufficient to cover them, shall be collected in advance from the party who requests the service; however, services may be performed for any governmental agency without advance payment, and the sheriff shall bill and collect the fees earned from such agency after the service is performed. Clearly, therefore, a public officer has no inherent or implied authority to extend the time of payment or otherwise extend credit for the payment of fees or service charges which he is authorized and required by law to collect. St. Louis County v. Magie, 269 N.W. 105, 108 (Minn. 1936). It is, of course, axiomatic that state and county officers have no inherent powers and can exercise such authority only as is prescribed by law; and if there is any doubt as to the existence of authority, it should not be assumed. See, e.g., Hopkins v. Special Road and Bridge District No. 4, 74 So. 310 (Fla. 1917); Gessner v. Del-Air Corp., 17 So.2d 522 (Fla. 1944); Edgerton v. International Company, 89 So.2d 488 (Fla. 1956); State ex rel. Greenberg v. Florida Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 600 (Fla. 1974).
Moreover, public officials have been held strictly accountable in their positions as custodians of public funds. St. Louis County v. Magie, supra. Thus, it is well established that a public officer may be personally liable for a failure to collect the prescribed statutory fees for his services. 67 C.J.S. Officers s. 99, p. 360; United States Nat. Bank v. Underwriters at Lloyd's, 382 P.2d 851,854 (Ore. 1963); Jacobsen v. Jeffries, 47 P.2d 892, 893 (Utah 1935), holding that, should an officer inadvertently or otherwise file a paper for which a fee is required to be paid, he is forthwith bound to account for such fee whether or not he collected the fee at the time the paper was left for filing.
Similarly, in an opinion issued on February 3, 1933, and found at p. 251, Biennial Report of the Attorney General, 1933-1934, one of my predecessors in office ruled as follows with respect to the collection of filing and recording fees by the clerk of the circuit court:
 Under the law filing and recording fees should be paid at the time of or prior to the service rendered, and it is the duty of the officer to see that these fees are collected and accounted for as they represent compensation to the county for services rendered by it through its officer, and the officer has no right under the law to extend the county's credit to anyone. If he fails in this duty, he would probably be liable on his bond therefor.
Accord: Attorney General Opinion 075-10, holding that the clerks of the circuit courts do not have the legal authority to record plats submitted for recording pursuant to s. 177.071, F. S., until the developer or subdivider has paid the prescribed recording fees.
Applying the foregoing cases, authorities, and Attorney General Opinions to your inquiry, it is my opinion that, unless explicitly authorized by law, a public officer may not extend credit for the payment of fees or service charges prescribed by law since such fees or charges are due and payable in advance of or upon the rendition of services which the public officer is authorized or required by law to perform. This conclusion is dispositive of the instant question and makes it unnecessary to consider the constitutional issue implicit in your question.
Prepared by: Patricia R. Gleason Assistant Attorney General