(November 29, 1898.)

## NAYLOR v. VERMONT LOAN AND TRUST COMPANY.
### [55 Pac. 297.]

PAYMENT OF SHERIFF'S FEES—SHERIFF MUST ACCOUNT FOR FEES EARNED.—Under the laws of Idaho, a sheriff may recover fees allowed by law for services rendered by him, although he failed to require payment of such fees in advance, but he must account to his county for all fees earned, whether collected by him or not.

PRACTICE—AMBIGUITY AND UNCERTAINTY IN COMPLAINT—REACHED BY SPECIAL DEMURRER.—Ambiguity and uncertainty in a complaint which states a cause of action, but not with that certainty contemplated by the code, cannot be reached by an objection to the introduction of evidence under the complaint, but only by special demurrer pointing out the ambiguity and uncertainty complained of by the defendant.

BILL OF EXCEPTIONS.—A bill of exceptions must state the evidence which was admitted by the court over the objections of the party excepting to the introduction of such evidence, with the grounds upon which the objection is made, or else such exception will not be considered by the court.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

A. E. Gallagher, for Appellant.

The contract on which plaintiff bases his action is void, as being contrary to the public policy of this state, which prohibits sheriffs from giving credit for fees and requires them to collect all fees in advance; that as the contract is void, it cannot be a basis on which to predicate this action. Section 2126 of the code, as amended in 1890 (Sess. Laws, p. 175), fixes the plaintiff's compensation. (Rev. Stats., secs. 2120, 2137.) The plaintiff is claiming through a contract of credit which is contrary to the public policy of this state, and for this reason void, and cannot be the basis of an action. His acts are to a certain extent the acts of the county and state. He performs the services as agent of the county. He is not the employee of the litigant, so that he cannot make any contract with the litigant concerning his compensation or the mode of collecting it. The court erred in not sustaining the defendant's objection to the introduction of any evidence under this complaint and in making findings in favor of defendant. (*Hawkeye Ins. Co. v. Brainard,* 72 Iowa, 130, 33 N. W. 603; Clark on Contracts, 419; *Griswald v. Waddington,* 16 Johns. 438; *Winchester Electric Light Co. v. Veal,* 145 Ind. 506, 41 N. E. 334, 44 N. E. 353; *Jackson v. Shawl,* 29 Cal. 268.) No contract founded on or growing out of an unlawful act can be enforced whether it be *malum in se* or *malum prohibitum.* (2 Pomeroy's Equity Jurisprudence, 1st ed., 935; *Vermont Loan etc. Co. v. Hoffman,* 5 Idaho, 376, 49 Pac. 314; *Robertson v. Robinson,* 65 Ala. 610, 39 Am. Rep. 17; *Bank v. Owens,* 2 Pet. 527, 539; *Snell v. Dwight,* 120 Mass. 9.)

E. C. Steele, for Respondent, cites no authorities on the points decided by the court not cited by attorney for appellant.

QUARLES, J.—This is an action brought by the plaintiff to recover fees for services rendered by him, as sheriff of Latah county, for the defendant. The findings of fact and judgment were in favor of the plaintiff. The contention of appellant, that public officers are prohibited by the laws of this state from performing official acts unless the fees allowed by law therefor are

paid in advance, raises the first question for us to determine. This question is to be decided by the provisions of our constitution and statutes. By section 7, article 18 of the constitution, the compensation of sheriffs, exclusive of mileage, is fixed within certain prescribed limits, the maximum at $4,000 and minimum at $1,000 per annum. Section 8 of said article 18 is as follows: "The compensation provided in section seven (7) for the officers therein mentioned shall be paid by fees or commissions, or both, as prescribed by law. All fees and commissions, received by such officers in excess of the maximum compensation per annum provided for each in section seven (7) of this article, shall be paid to the county treasurer for the use and benefit of the county. In case the fees received in any one year by any one of such officers shall not amount to the minimum compensation per annum therein provided, he shall be paid by the county a sum sufficient to make his aggregate annual compensation equal to such minimum compensation." Section 2120 of the Revised Statutes of 1887, which provided for the payment of all compensation of county officers out of the county treasury, upon warrants, is repugnant, to some extent at least, to the above-quoted provision of our constitution. Sections 2137 and 2138 of the Revised Statutes, are as follows:

"Sec. 2137.    The officers mentioned in this title are not in any case, except for the territory or county, to perform any official services unless upon the prepayment of the fees prescribed for such services except as in the succeeding section provided by law; and on such payment the officer must perform the services required. For every failure or refusal to perform official duty when the fees are tendered, the officer is liable on his official bond.

"Sec. 2138.    No fee or compensation of any kind must be charged or received by any officer for duties performed or services rendered in proceedings upon *habeas corpus.*"

Section 2140 of the Revised Statutes, is as follows: "If any clerk, sheriff, justice of the peace, or constable, shall not have received any fees which may be due him for services rendered in any suit or proceeding, he may have execution therefor, in his own name against the party from whom they are due, to be issued from the court in which the action is pending."

The act of March 13, 1891 (Sess. Laws 1890-91, p. 175), fixes the fees that may be charged by county officers. But there is nothing in the act that amends or repeals either section 2137 or 2140 of the Revised Statutes, quoted *supra*. In determining the question before us we must have due regard for all of the foregoing statutory and constitutional provisions that are now in force. The conditions relative to the payment of compensation to county officers are somewhat changed by the above constitutional provisions from what they were prior to statehood. It is argued by the respondent that there is no longer any necessity for the payment into the county treasury of the fees earned by public officers; except as to the fees earned in excess of the maximum salary, and with this contention we agree. The expression "fees received," both in the constitution and in the act of March 13, 1891, cited *supra*, was intended to and does mean fees earned and which the officer is entitled to receive. Construing section 2137 and 2140 of the Revised Statutes, together so as to give force to both, we are compelled to hold that section 2137, *supra*, is not a prohibition against an officer from performing services unless they are prepaid in advance, but that the said section was passed for his benefit and gives him the absolute right to require prepayment of his fees. Any other construction would take all force and meaning from section 2140, *supra*, as it would be idle to say that an officer shall not perform any service without prepayment of his fees, and then provide for an execution for such fees as he may have earned and which have not been paid. A county officer may perform services without prepayment, and then maintain an action to recover the same. If such officer, in the fullness of his heart, sees fit to waive his right to prepayment of his fees, which he may do, there is no good reason why he should suffer for his leniency. The county is not injured, because he must account to it for all fees earned, whether he collects them or not; and, where his earnings exceed the maximum compensation allowed him by law, he must pay such excess into the county treasury in cash, whether he collects it or not. He should have collected and received all fees earned by him, and, so far as his liability to the county and the latter's

rights are concerned, that which he should have done must be regarded as done.    This rule works no hardship on the litigant who has failed, from inability, inconvenience, or other cause, to pay fees in advance to the officer performing services for him.

On the trial of this cause the defendant objected to the introduction of any evidence by plaintiff on the ground that "the complaint did not state facts sufficient to constitute a cause of action," which objection was overruled by the court, and an exception taken to such ruling by the defendant, and upon such ruling prejudicial error is assigned by the appellant. After setting forth the official capacity of plaintiff and the corporate existence of the defendant, the complaint alleges as follows: "That during the said year of 1894 the said defendant, Vermont Loan and Trust Company, commenced a large number of actions against divers defendants in the courts of Latah county, Idaho, and in Nez Perces county, Idaho, and called upon this plaintiff as such officer to perform certain services, according to the statutes of the state of Idaho, in said cases, and that said services consisted of serving of summons upon a large number of parties, and of copies of complaints, and of posting notices of sale of real estate, and of having publication made of the sale of such real estate in the proper newspapers, and of divers other legal duties, and that this plaintiff did perform all such services and expend money, as is provided by the statutes of the state of Idaho shall be done, in procuring publication of notices, to the amount of $388.85; that said services were at the special instance and request of the defendant, and were performed by this plaintiff as sheriff of the county of Latah, in the state of Idaho, and that this plaintiff has duly accounted to the said Latah county and said state of Idaho for the moneys which would properly go to the said county or state from each of the cases in which he so rendered services, and that there is now due this plaintiff the sum of $388.85, together with interest thereon at the rate of ten per cent per annum from the first day of January, 1895, until the twelfth day of March, 1897, and from said twelfth day of March, 1897, until the present time, at the rate of seven per cent per annum, and plaintiff alleges that the payment of said money has been demanded, and that

the defendant has failed, refused, and neglected to pay the same." To this complaint the defendant did not demur, but answered, admitting some of the allegations and denying others; and, for further and separate answer, alleged that defendant furnished its attorney in the suits in which the services were rendered by the plaintiff money to pay for such services; that the plaintiff agreed with such attorney to perform such services, and to look to said attorney personally for his compensation; and that the plaintiff had been paid such compensation in full by said attorney. The complaint, while deficient in conciseness and clearness, stated a cause of action. Any ambiguity or uncertainty therein could only be reached by special demurrer, alleging such ground and pointing out the defect specifically. It was good as against a general demurrer, and for that reason the objection to the introduction of evidence under it was properly overruled.

The cause was heard upon evidence introduced and upon a stipulation of facts. The trial court found in favor of the plaintiff, and against the defendant, upon all of the facts in issue. We have carefully examined the evidence in the record. The plaintiff offered evidence in support of his action, and also a stipulation of facts. The defendant introduced no evidence, but moved for a nonsuit, which was denied, whereupon the court found in favor of plaintiff upon all material issues. The evidence supports the findings, and there was no reversible error in overruling the motion for nonsuit or in making the said findings.

With a view to the record before us, and other records that have recently been before us, we deem it best to call the attention of the bar to the necessity of making briefs, bills of exceptions, and other parts of records upon appeal with more conciseness than many of them are made. We know that it requires much less labor to make a long brief than it does to make a short concise one, which covers the points in issue, with necessary citation of authority. But the short, concise brief, which cites only those authorities which are in point, is of much more assistance to the court than the long brief, with copious quotations and numerous citations of authority, some applicable

and some inapplicable to the case at bar. It requires "time, labor and thought" to select those authorities only applicable to the case briefed. We spend much time in looking up and reading authorities that are cited to us which have no bearing upon the case under consideration. There is a growing tendency to make long briefs. The object of the attorney in such case is generally a good one—that is, to assist the court—but the intention miscarries. Not only that, but those unnecessarily long records and briefs work hardships upon litigants. It costs money to print them. In the case at bar the counsel on both sides signed a stipulation of facts, and we herewith give as a specimen of conciseness and clearness, one sentence, in the following words, to wit: "It is hereby stipulated and agreed by and between the plaintiff, through his attorney, E. C. Steele, and the defendant, through its attorney, A. E. Gallagher, that all the matters and things hereinafter stated shall be taken and deemed as facts established upon the trial of this cause, and that either party hereto upon the trial of this cause may read any or all parts of this stipulation in evidence, and that the same shall thereupon be taken and deemed as the facts established in this case without further testimony to establish the same; but it is understood and agreed that when either party offers to read in evidence part or all of the facts hereinafter set forth, that either party shall then have the right to object to the same being read in evidence upon any ground upon which an objection to the offering of the proof or the proof itself by any witness or other best evidence to establish the fact, were such witness or evidence present in court; it being understood, however, that this right of objection to the offering or receiving of any of the facts hereinafter stated in evidence shall not extend to the form, order or manner of making such proof, or to the fact that the evidence of such fact as hereinafter stated is in narrative form instead of questions and answers, but the party objecting shall at the time of making such objection designate by line and page of this stipulation that part of the facts hereinafter stated to which objection is made, and the same shall be received or rejected subject to the ruling of the court, and an exception may be taken to the receiving or rejection of such

evidence, the same as if the witness was present in court and offered to prove the facts." The said stipulation covers sixteen pages of the printed transcript in this case. The facts agreed upon in it should have been stated in two pages or less. The exceptions which appear in the record touching the introduction of evidence appear on the face of the record to have been made up after the transcript was printed. We quote from the transcript, commencing near bottom of page 19, two of the exceptions, as specimens, to wit: "The defendant further objected to all that part of the stipulation, Plaintiff's Exhibit 'A,' beginning with the word 'in,' on line 17 at page 41 of the stipulation, down to and including the figures '$2,35,' on line 20 of page 42 of the stipulation, for the reasons that the same was incompetent, irrelevant and immaterial, and not proper to support any of the issues made by the pleadings. The court overruled the objection, and thereupon the defendant duly excepted, which exception was allowed by the court, and this ruling of the court is assigned as error, and will be relied upon by the defendant on its motion for a new trial as one of the errors committed by the court in the trial of this cause." Then the defendant further objected "to all that part of the stipulation beginning with the word 'that,' on line 20 of page 42, down to and including the word 'upon,' on line 1 of page 43, thereof, for the same reasons. The court overruled the objection, and thereupon the defendant duly excepted, which exception was allowed by the court, and this ruling of the court is assigned as error, and will be relied upon by the defendant on its motion for a new trial as one of the errors committed by the court in the trial of this cause." The numerals showing the line and page on which the evidence objected to commences and ends was interjected into the printed transcript before us after it was printed with pen and ink. There are twenty exceptions found in the printed transcript (covering eight printed pages), and in what is termed "A statement of case and bill of exceptions on motion for new trial," each in the same condition and form as those quoted above. Presumably the numerals referring to lines and pages in the original bill of exceptions referred to lines and pages in the original stipulation. Assuming this as true, it would

seem that, in making up the transcript on appeal, parts of the original bill of exceptions—that is, the figures referring to the lines and pages of the original stipulation where the portions of such stipulation objected to commence and end—were omitted, and part of the bill of exceptions was printed in skeleton form. If this assumption is correct, the figures in the original bill of exceptions referred to are different from those in the record before us. Such practice cannot be tolerated. The bill of exceptions as drafted did not conform to the practice in vogue in this state or to the rules of this court. That part of the evidence offered by the plaintiff admitted by the court over the defendant's objections, and excepted to, should have been set forth in the bill of exceptions, and not by way of numerous references. In order to ascertain those parts of the stipulation to which the exceptions relate, the court would be compelled to turn from one part of the record to the other parts at least forty times. This court will pay no attention to exceptions which come before it in this form. The judgment appealed from is affirmed, with costs of appeal to respondent.

Sullivan, C. J., and Huston, J., concur.