374 P.2d 484

The STATE of Idaho ex rel. Roscoe C. RICH, Ernest F. Gaffney and Wallace C. Burns, Idaho Board of Highway Directors, Plaintiff,

v.

Evert W. LARSON, Auditor and Recorder for Kootenai County, Defendant.

No. 9116.

Supreme Court of Idaho.

Sept. 11, 1962.

William Regan, Pros. Atty. for Kootenai County, Coeur d'Alene, for defendant.

Andrew Harrington, Chief Legal Counsel for Dept. of Highways, Boise, for plaintiff.

KNUDSON, Justice.

This is an original proceeding for a writ of mandate to compel the defendant, Evert W. Larson, as auditor and recorder for Kootenai County, to accept for filing or recording, without payment of the statutory fees, instruments such as deeds, releases of mortgages, subordination agreements, easements, etc., offered for recording by plaintiff in connection with the acquisition of rights of way or other lawful functions of plaintiff. Alternative writ was issued to which defendant filed return and answer.

The facts are not in dispute. Defendant admits that since July 1, 1961, plaintiff has tendered to defendant for filing or recording a total of 14 instruments for the recording of which a total statutory fee of $31.75 must be charged by defendant unless plaintiff is exempt from the payment of such recording fees.

Plaintiff contends that under the provisions of I.C. § 31–2402 defendant has the mandatory duty to record all instruments offered by plaintiff for recording in connection with plaintiff's duties as an administrative board of the State of Idaho without payment of the statutory recording fee pursuant to exceptions contained in I.C. §§ 31–3211, 31–3212 and 67–2301.

Defendant contends that plaintiff is required to pay the statutory fee for the filing or recording of various instruments pertaining to the acquisition of rights of way relating to the construction, repair or maintenance of public highways unless such instruments result from a judicial action or proceeding in which plaintiff or its officers are parties.

Among the statutes cited in plaintiff's petition and relied upon as supporting plaintiff's contention is I.C. § 31–3212 which provides:

"*Exceptions to fee schedule—Habeas corpus—State a party.*—No fee or compensation of any kind must be charged or received by any officer for duties performed or services rendered in proceedings in habeas corpus; nor shall any county officer charge any fee against, or receive any compensation whatever from, the state for any services rendered in any action or proceeding in which the state of Idaho, or any state board, or state officer in his official capacity, is a party."

It is not contended by either party that any of the instruments here involved constitute any part of or are connected with a proceeding in habeas corpus or any action or proceeding in which the State of Idaho, or any state board, or state officer, in his official capacity, is a party. Defendant specifically points out that none of the instruments which has been tendered to him for filing or recording was involved in any action or proceeding referred to in said

statute. It therefore follows that I.C. § 31–3212 has no application to the issue presented.

I.C. § 31–3211 is also cited and relied upon by plaintiff. It provides:

*"Fees to be prepaid—Exception— Penalty for official dereliction.*—The officers mentioned in this title are not in any case, except for the state or county, to perform any official services unless upon prepayment of the fees prescribed for such services by law, except as in the succeeding sections provided: provided further, that the attorney-general or any prosecuting attorney may cause subpoenas to be issued on behalf of the state, without paying or tendering fees in advance to any officers, and on such payment the officer must perform the services required.

"For every failure or refusal to perform official duty when the fees are tendered, the officer is liable on his official bond."

Plaintiff relies upon the wording "except for state or county" contained in said statute as supporting the contention that plaintiff is thereby exempt from payment of the fees involved. The contention is without merit. The language used in this statute is plain and unambiguous and must be given the common and ordinarily understood meaning, giving effect to the legislative intent as expressed. Florek v. Sparks Flying Service, Inc., 83 Idaho 160, 359 P.2d 511; Striebeck v. Employment Security Agency, 83 Idaho 531, 366 P.2d 589. It will be noted the title of said section specifically states that it deals with "Fees to be *prepaid*—Exception * *." Clearly this statute has to do with the authority of officers mentioned in Title 31, Idaho Code, of whom the Recorder is one, to demand *prepayment* of fees for official services to be performed. In Naylor v. Vermont Loan Etc. Co., 6 Idaho 251, 55 P. 297, this Court had under consideration §§ 2137 and 2140 of the Revised Statutes of 1887 which are, for the purposes of our problem, identical with I.C. §§ 31–3211 and 31–3215, respectively, and the Court said:

"Construing sections 2137, and 2140, of the Rev.St., together so as to give force to both, we are compelled to hold that section 2137, supra, is not a prohibition against an officer from performing services unless they are prepaid in advance, but that the said section was passed for his benefit, and gives him the absolute right to require prepayment of his fees. Any other construction would take all force and meaning from section 2140, supra, as it would be idle to say that an officer shall not perform any service without prepayment of his fees, and then provide for an execution for such fees as he may have earned and which have

not been paid. A county officer may perform services without prepayment, and then maintain an action to recover the same. If such officer, in the fullness of his heart, sees fit to waive his right to prepayment of his fees, which he may do, there is no good reason why he should suffer for his leniency. The county is not injured, because he must account to it for all fees earned, whether he collects them or not; and, where his earnings exceed the maximum compensation allowed him by law, he must pay such excess into the county treasury in cash, whether he collects it or not. He should have collected and received all fees earned by him, and, so far as his liability to the county and the latter's rights are concerned, that which he should have done must be regarded as done. This rule works no hardship on the litigant who has failed, from inability, inconvenience, or other cause, to pay fees in advance to the officer performing services for him."

We are convinced that the foregoing is a proper construction to be applied to I.C. § 31–3211 and that there was no legislative intent, by the enactment of said section, thereby to exempt the state or any county as a whole from the payment of fees authorized or prescribed under I.C. § 31–3205.

The other statute relied upon by plaintiff is I.C. § 67–2301, which provides:

"*Exemption from payment of fees.—* No fees or compensation of any kind (except the regular salary or compensation paid by the state to the officer, agent, or employee individually for his services) shall be charged or received by any state board, officer, agent or employee for duties performed or services rendered to or for the state or to or for any state board, officer, agent, or employee in the performance of his or their official duties, or to or for the state or any state board, officer, agent and employee in any action or proceeding in which they or any of them are parties."

Plaintiff contends that this statute is much more inclusive than any of the other statutes cited. It is argued in plaintiff's brief that this statute is broad enough to cover the issues involved in this action "if county officers are included in one of the categories mentioned, that is, if a county officer is a 'state board, officer, agent or employee' of the state, or at least for this purpose." Plaintiff recognizes that the issue resolves itself into a question of whether or not the county recorder is an officer of the state within the purview of said statute.

Plaintiff cites Strickfaden v. Greencreek Highway Dist., 42 Idaho 738, 248 P. 456,

49 A.L.R. 1057, and other Idaho cases defining counties as being involuntary subdivisions or arms of the state through which the state operates for convenience in the performance of its functions. We adhere to the definition of "counties" as given in the cited cases.

Plaintiff also argues that "if the county is an agency of the state, it would seem to follow that an officer or employee of the county would be an officer of the state and subject to the same legislative control as the county itself." Plaintiff then cites authorities to the effect that the legislature has the right to regulate the functions of county officers, etc. In this case, the issue is not whether the legislature has the authority or right to exempt the plaintiff from the payment of the fees involved, but rather, has the legislature so provided. Did the legislature intend that county officers as a whole, or any particular county officer, would come within the purview of the statute under the designation of "any state board, officer, agent or employee." We think not.

Among the various definitions given the term "state officer" it is stated in 49 Am. Jur. 264, § 52, that:

"They are in a general sense those whose duties are coextensive with the state or are not limited to any political subdivision of the state, and thus are distinguished from strictly municipal officers, whose functions relate exclusively to the particular municipality, and from county, town, and school district officers."

It is also stated in 81 C.J.S. States § 52, p. 969:

"Broadly speaking, a state officer is one holding an office established by the constitution or by legislature, his powers and duties are coextensive with the state, and he is paid by the state."

Not only do the statutes of the state designate the Recorder as a county officer (I.C. § 31–2001) and provide for his salary to be paid from the county treasury (I.C. § 31–3101), our constitution designates the Auditor and Recorder as county officers (Art. 18, § 6). Ch. 24 of Title 31, Idaho Code enumerates the duties of the Recorder and I.C. § 31–3205 prescribes the fees to be charged by him as a county officer.

When the language used in this statute (I.C. § 67–2301) is given its usual and ordinary meaning and the interpretation it clearly implies, there is no reason to believe that county officers were intended to be included in its provisions. Boards, officers, agents or employees at the state level are affected by its provisions and no one else. Undoubtedly the legislature intended only to refer to such officers, boards, etc., whose official duties and functions are coextensive with the boundaries of the

state. State ex rel. Holmes v. Dillon, 90 Mo. 229, 2 S.W. 417; People v. Evans, 247 Ill. 547, 93 N.E. 388.

Defendant argues that if plaintiff's contention is correct it was surplusage for the legislature to enact statutes providing specific exceptions such as I.C. § 56–224a(b) which provides that the department of public assistance shall file certain agreements for recording with the county recorder *without charge;* I.C. § 31–3206 is entitled "Recorder—*Exceptions to fee schedule."* and provides that the county recorder shall record, *free of charge,* all clear lists of lands granted to the state by the United States; I.C. § 31–3212 is entitled *"Exceptions to fee schedule * * *."* and exempts the payment of fees in habeas corpus proceedings or in actions where the state or its officers is a party. There is merit to this argument.

In discussing the effect of express exceptions to the operation of a general statute, it is stated in 50 Am.Jur. 455, § 434:

"However, where express exceptions are made, the legal presumption is that the legislature did not intend to save other cases from the operation of the statute. In such case, the inference is a strong one that no other exceptions were intended, and the rule generally applied is that an exception in a statute amounts to an affirmation of the application of its provisions to all other cases not excepted, and excludes all other exceptions or the enlargement of exceptions made. Under this principle, where a general rule has been established by a statute with exceptions, the courts will not curtail the former, nor add to the latter, by implication. In this respect, it has been declared that the courts will not enter the legislative field and add to exceptions prescribed by statute."

In Maytag Co. v. Commissioner of Taxation, 218 Minn. 460, 17 N.W.2d 37, the Supreme Court of Minnesota stated:

"Where a statute enumerates the persons or things to be affected by its provisions, there is an implied exclusion of others. [Citing cases.] The maxim operates conversely where the statute designates an exception, proviso, saving clause, or a negative so that the exclusion of one thing includes all others."

See also Armburg v. Boston & M. R. R., 276 Mass. 418, 177 N.E. 665, 80 A.L.R. 1408; Board of Education of City of Minneapolis v. Public School Employees' Union Local No. 63, 233 Minn. 144, 45 N.W.2d 797, 29 A.L.R.2d 424. In United States v. City Nat. Bank of Duluth, D.C., 31 F.Supp. 530, the Court quoted with approval the following:

"Where express exceptions are made the inference is a strong one that no other exceptions were intended."

also:

**536**

"It is well settled that an exception in a statute amounts to an affirmation of the application of its provisions to all other cases not excepted, and excludes all other exceptions."

We know of no legislative enactment which grants the exception claimed by plaintiff. Petition for writ denied.

Costs to defendant.

SMITH, C. J., and TAYLOR and Mc-FADDEN, JJ., concur.

McQUADE, J., dissents.