Newton C. ESTES, Plaintiff and Appellant,

v.

Walter D. TALBOT, Sheldon S. Allred, et al., Defendants and Respondents.

No. 16099.

Supreme Court of Utah.

June 26, 1979.

---

Newton C. Estes, pro se.

Robert B. Hansen, Atty. Gen., Thomas C. Anderson, Asst. Atty. Gen., Salt Lake City, for defendants and respondents.

STEWART, Justice:

Plaintiff-Appellant ("Estes") commenced this action as a proceeding under Title 77, Chapter 7, Utah Code Annotated (1953), as amended, to remove from office defendants-respondents who are the State Superintendent of Public Instruction and the entire Utah State Board of Education.[1] The stated grounds for removal include defendants' alleged willful failure to report accurately to the Legislature the results of a study to determine the efficacy of Utah's educational programs and failure to act responsibly to remedy educational system defects revealed by the study. The complaint further states that the alleged concealment and failure to institute remedial action con-

stitute misconduct of the kind the Legislature contemplated as ground for removal when the above-identified code chapter was enacted.

The district court, acting on the assumption that Title 77, Chapter 7 was applicable, dismissed the complaint without prejudice by an order which recites that the complaint's "accusation is insufficient in that it fails to allege any official duty of the office held by each of the individual defendants which each defendant refused or neglected to perform."

Defendants raise on appeal a constitutional issue which was not framed by the pleadings or argued to the district court. They now call this Court's attention to Article VI of the Utah Constitution which provides for removal of *state* officers by a process of *legislative* impeachment and trial. Section 19 of Article VI provides:

> The Governor and other State and Judicial officers, except justices of the peace, shall be liable to impeachment for high crimes, misdemeanors, or malfeasance in office; but judgment in such cases shall extend only to removal from office and disqualification to hold any office of honor, trust or profit in the State. The party, whether convicted or acquitted, shall, nevertheless, be liable to

---

1. Section 77–7–1, U.C.A. provides:

   Officers subject to removal.—All officers of any city, county or other political subdivision of this state not liable to impeachment shall be subject to removal as provided in this chapter upon being convicted of a felony, an indictable misdemeanor, a misdemeanor involving moral turpitude or malfeasance in office.

   Section 77–7–2, U.C.A. provides:

   Commencement of action for removal.—An action for the removal of any officer of a city, county, or other political subdivision of this state on grounds set forth in section 77–7–1, may be commenced by presenting a sworn, written accusation to the district court. Such accusation may be initiated by any taxpayer, grand jury, or county attorney for the county in which the officer was elected or appointed, or by the attorney general.

   Section 77–7–15, U.C.A. provides:

   Accusation by taxpayer—Procedure.—When an accusation in writing, verified by the oath of any taxpayer, is presented to the district court, alleging that any officer within the jurisdiction of the court has been guilty of

knowingly, wilfully and corruptly charging and collecting illegal fees for services rendered or to be rendered in his office, or has knowingly, wilfully and corruptly refused or neglected to perform the official duties pertaining to his office, the court must cite the party charged to appear before it at a time not more than 10 nor less than five days from the time the accusation was presented; and on that day, or some subsequent day nor more than 20 days from that on which the accusation was presented, must proceed to impanel a jury and hear the accusation and evidence offered in support of the same, and the answer and evidence offered by the party accused; provided, that if such accusation is presented when a setting of the cases under the rules of the court has already been had, then the said 20 days shall begin to run from the date on which the last case is set; and if on such hearing it shall appear by the verdict of the jury that the charge is sustained, the court must enter a judgment that the party accused be deprived of his office, and taxed with such costs as are allowed in civil cases.

prosecution, trial and punishment according to law.

Other sections of Article VI treat the specifics of impeachment by the House and trial by the Senate. The constitutional provisions are implemented by Chapter 6 of Title 77, U.C.A. (1953), as amended, the code chapter immediately preceding the one under which Estes commenced this action.

Defendants contend further that the Constitution and implementing statutes specifically provide impeachment as the appropriate means for removal of *state* officers, and that the judicial removal provisions of the code, on which Estes relies, apply by their specific terms only to officers of "any city, county, or other political subdivision of the state." It is not necessary, however, for us to reach the important constitutional questions of just which or whether all State officers are subject to impeachment and whether impeachment is the sole remedy for removal of State officers.

The fact is that under no reasonable construction of the statutes in question could this action be maintained. The statutes under which Estes has elected to proceed do not purport to deal with removal of state officers. Unless the defendants can be categorized as officers of one of the state's political subdivisions, and not of the state, this action must be dismissed with prejudice for failure to state a claim upon which relief may be granted.

■ The defendants are not officers of a "city, county or other political subdivision." Article X, Section 8 of the Utah Constitution specifically provides for the establishment of the State Board of Education and the appointment of the State Superintendent of Public Instruction. The Board is constitutionally charged with responsibility for supervision of the state-wide school system, *ibid.*, and the certificate of election of the Board member is required by statute to be issued by the Secretary of State and not by an officer of a political subdivision, see

Section 53–2–3, U.C.A. (1953), as amended. Although infrequently discussed in judicial literature, such authority as there is on the subject supports the conclusion that the defendants are state officers.[2] We hold that the defendants are not "officers of any city, county or other political subdivision of this state" and therefore not subject to the provisions of Section 77–7–1.

■ Although the parties have not argued the issue, it is incumbent upon this Court to take cognizance, sua sponte, of controversies which are based upon the failure to state a claim for which relief may be granted. See *Unruh v. Truck Insurance Exchange*, 7 Cal.3d 616, 102 Cal.Rptr. 815, 498 P.2d 1063 (1972). It simply is not compatible with the rule of law that a legal proceeding may be maintained without an allegation of a cause of action that is cognizable at law.

In this case, the ruling of the trial court presupposes that the defendants may be subject to removal by the statutory provisions set out in footnote 1 above since the ruling was based on the insufficiency of the factual allegations contained in the accusation. For that reason the trial court dismissed without prejudice. Instead, the trial court should have dismissed with prejudice.

The case is remanded to the district court to enter a judgment of dismissal with prejudice.

MAUGHAN, WILKINS, and HALL, JJ., concur.

CROCKETT, Chief Justice (concurring in result, but with comments indicating reservations):

It is with some regret that I feel impelled to record reservations to some aspects of the main opinion. I do not think it is good policy for this Court to base its decision on a ground neither presented to nor passed upon by the trial court in deciding a case; and this is especially true when it plainly appears that the trial court's judgment was

---

**2.** It is stated at 81A C.J.S. 450, States Sec. 79, a "state office" is defined as one "established in the first instance by the constitution" and in the following section, a "state officer" is distinguished from an officer of a political subdivision of the state by the nature of his duties. If his powers and duties are co-extensive with the state, he is a state officer. See also *State v. Larsen*, 84 Idaho 529, 374 P.2d 484 (1962).

correct and should be sustained upon the ground upon which he placed his ruling; and even more true when doing so is not only unnecessary to a disposition of a case, but when that ground has the potential for creating more problems than it solves.

That would be the situation if it should be supposed that the defendants, as members of the State Board of Education, are reachable only by impeachment because they are state officers. Carried to its conclusion, such a thesis would mean that a peace officer of any city or town, or any deputy sheriff, highway patrolmen, or any inspector for the Industrial Commission, etc. (all of whom in certain circumstances have state-wide authorities and duties) would be subject to impeachment. In this connection it is to be noted that the last sentence of said Section 19, Article VI, does indicate that even officers subject to impeachment, shall nevertheless be liable to prosecution in other proceedings according to law; and it could be argued that a sensible and practical application of that section would permit proceeding against these defendants, or perhaps other state officers, under Section 77–7–15. I emphasize that I have no desire to decide such problems in this case. I merely indicate that I think there are such problems, and that so far as I am concerned, I would be quite contented to deal with the issue as presented to and ruled upon by the trial court.

It is my opinion that, whether the charges of misconduct against the defendants be regarded as grounded upon Sec. 77–7–15 for knowingly, wilfully and corruptly refusing to perform official duties, or upon Section 19 of Article VI of our Constitution for malfeasance in office, the trial court was indisputably justified in its ruling, and that the correct and judicious way to dispose of this appeal is to affirm his judgment on the ground he stated: that the complaint fails to state a ground for removal of the defendants.