918 P.2d 605

**Eldridge MASSEY, Plaintiff,**

and

**Lois E. Van Mun, Plaintiff–Appellant,**

v.

**Elsie STILLMAN, Minnie Howell and Leroy Howell, mother and son, and Five (5) John Does, all ex rel. Idaho County Tax Lot No. 59 aka Idaho County Tax Lot No. 180, Defendants–Respondents.**

**No. 21506.**

Court of Appeals of Idaho.

May 13, 1996.

Rehearing Denied June 14, 1996.

Petition for Review Denied July 2, 1996.

Lois E. Van Mun, Kooskia, pro se appellant.

Wesley W. Hoyt, Kooskia, for respondents.

PERRY, Judge.

At issue in this case is an easement which allegedly affects three parcels of land located in Idaho County. Four parties filed a petition seeking a declaration that certain properties were not subject to the easement. The petition named the owners of the property serviced by the easement, the transferor of the property which the easement crosses and two individuals who surveyed the easement. Early in the litigation, the district court dismissed the defendants who had surveyed the easement. Two of the plaintiffs voluntarily dismissed their claims. The district court then granted a summary judgment motion dismissing the claims of the remaining plaintiffs, Lois Van Mun and Eldridge Massey. Van Mun appeals. We affirm.

## I.

### FACTS AND PROCEDURE

A petition filed by Van Mun, Massey, Ronald Deal and the Divine Order of Redemption (D.O.O.R.) in May 1993 requested a "declaratory judgment, adjudication of rights and permanent injunction." The petition challenged an easement that runs from the Kooskia–Winona Road and along an old wagon road. The petition named as defendants: Minnie Howell and Leroy Howell, who own the property benefitted by the easement; Elsie Stillman, the personal representative administering an estate which previously owned the Van Mun and Massey properties; and Don and Elaine Pearson, who surveyed the easement. The district court dismissed the Pearsons. Deal and D.O.O.R. voluntarily dismissed their claims during the pendency of this matter before the district court. The district court then found that Massey and Van Mun had failed to raise a genuine issue of material fact and granted a summary judgment against them, in favor of Stillman and the Howells. Van Mun, alone, appeals.

Van Mun listed ten issues in her appellate brief. Van Mun filed notice on March 22, 1996, that she would limit her oral argument to one issue—whether the district court erred in considering the defendants' pleadings notwithstanding their failure to pay a fee upon filing their first pleading in this action. During oral argument, Van Mun stated several times that she wished to withdraw all other issues from the consideration of this Court. Hence, the only issue before this Court is whether the defendants' failure to prepay the appropriate filing fee invalidated the district court's grant of a summary judgment.

## II.

### ANALYSIS

#### A. Filing Fees in the District Court

■ After the defendants had filed a motion to dismiss, Van Mun and the other petitioners notified the district court that no filing fees had been prepaid by the defendants. Subsequently, Van Mun moved the court to:

order all motions, pleadings, affidavits, and papers submitted by defendants prior to prepayment of responding filing fees, and all subsequent memoranda and papers pertaining to or arising out of those motions and papers, stricken from the record; to quash all court Orders, rulings and decisions pertaining to those motions, pleadings and papers; to enter default judgment agaist [sic] defendants Don Pearsons and Elaine Pearsons and their attorney; and to levy sanctions, costs and victims' compensation against defendants Don and Elaine Pearsons and their attorney of record.

According to Van Mun's brief, the failure of the defendants to prepay the required filing fee "robs" the trial court, this Court and the Idaho Supreme Court of jurisdiction to "entertain any papers submitted by the defaulting party for its consideration." Relying on Idaho Code Section 31–3211, Van Mun claims that "no services are to be rendered on behalf of any party without the *prepayment* of [the appropriate] fee."

In *Naylor v. Vermont Loan Etc. Co.*, 6 Idaho 251, 55 P. 297 (1898), the Idaho Supreme Court addressed a similar issue. In that case the sheriff of Latah County brought an action to collect fees for services rendered to the Vermont Loan and Trust Company. The sheriff had, pursuant to his statutory duty, served several summonses and complaints, published notices of real estate sales and performed other similar functions for the company. The sheriff sought to recover the corresponding fees. The company declined to pay, arguing that public officers are prohibited from performing official acts unless the fees allowed therefor are paid in advance and the sheriff could not pursue an action for recovery of the fees after the services had been performed.

The Supreme Court, in resolving that issue, interpreted Idaho Code Section 2137, the predecessor of I.C. § 31–3211, and stated:

> [W]e are compelled to hold that section 2137, *supra*, is not a prohibition against an officer from performing services unless they are prepaid in advance, but that the

said section was passed for his benefit and gives him the absolute right to require prepayment of his fees.... A county officer may perform services without prepayment, and then maintain an action to recover the same. If such officer, in the fullness of his heart, sees fit to waive his right to prepayment of his fees, which he may do, there is no good reason why he should suffer for his leniency. The county is not injured, because he must account to it for all fees earned, whether he collects them or not ... This rule works no hardship on the litigant who has failed, from inability, inconvenience, or other cause, to pay fees in advance to the officer performing services for him.

*Naylor*, 6 Idaho at 254–55, 55 P. at 298. The Idaho Supreme Court has applied the same construction to I.C. § 31–3211. *See State v. Larson*, 84 Idaho 529, 533, 374 P.2d 484, 485–86 (1962). We see no reason to differentiate between the county officials in those cases and the deputy clerk of the district court, ex-officio auditor and recorder in Idaho County. Hence, the court clerk in this case was authorized, but was not required, to demand prepayment of the filing fees. A $40 fee on behalf of all appearing defendants was, in fact, eventually paid. The alleged failure of certain parties to prepay the appropriate filing fee does not, however, void the action taken by the county official, interfere with the jurisdiction of the district court or this Court, or invalidate the summary judgment.

**B. Attorney Fees**

 Stillman and the Howells request costs and attorney fees on appeal. Specifically, they argue:

A pro se litigant is deemed to know the law and is bound by it. If that pro se litigant chooses to bring matters to the appellate court frivolously, unreasonably and without foundation that person must likewise be bound by the consequences. Here, Ms. Van Mun seems capable of understanding basic legal principles as demonstrated by her apparent ability to do legal research and prepare an appellant's brief substantially in conformity with the Rules of Appellate Procedure. However, she has missed the cardinal rule of appellate practice, which is: only genuine issues should be brought up on appeal. The Court has repeatedly held that where an appeal was brought frivolously, unreasonably and without foundation, attorneys fees and costs will be awarded.

Merely pointing to conflicts in the evidence ... is not enough to raise a genuine issue on appeal....

In the case at bar, the appellate court is not presented with any significant issue regarding a question of law, nor are any findings of fact alleged to be unsupported by substantial evidence, nor is the court asked to establish any new legal standards or modify an existing application of settled law to the facts; therefore, this appeal should be deemed frivolous, unreasonable and without foundation and attorney fees and costs should be awarded to Respondents.

(citations omitted).

Under I.C. § 12–121 and I.R.C.P. 54(e)(1), a court may award attorney fees to the prevailing party where it finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation. The filing fee matter was the only issue maintained throughout the appeal. However, the cases relevant to that issue, cited above, were discovered as a product of this Court's own research and were not presented to this Court by either party. Had the respondents presented Van Mun with authority in clear opposition to her stated position on this issue, she may have declined to pursue the appeal or may have significantly altered her appellate strategy. Although withdrawn from consideration at oral argument, Van Mun and the respondents presented numerous unfrivolous issues in a professional and competent manner. Hence, although the respondents are successful on appeal and are therefore entitled to costs pursuant to I.A.R. 40, we decline to award attorney fees to the respondents.

### III.

### CONCLUSION

Van Mun alleges that because the appropriate filing fees were not prepaid in the

district court, summary judgment in this case was invalid. Precedent indicates that the filing fee statute, I.C. § 31–3211, allows the court clerk to demand prepayment but does not require it. Van Mun, the only appellant, has withdrawn all other issues from this Court's consideration. The order of the district court granting summary judgment is affirmed. Stillman and the Howells are entitled to costs on appeal, but not attorney fees.

WALTERS, C.J., and LANSING, J., concur.