2001 UT 23

**Adam D. BENTLEY et al., Plaintiffs, Appellants, and Cross–Appellees,**

v.

**WEST VALLEY CITY and Sandy City, Defendants, Appellees, and Cross–Appellants.**

**No. 990564.**

Supreme Court of Utah.

March 9, 2001.

Michael A. Jensen, Salt Lake City, for plaintiffs.

Allan L. Larson, Camille N. Johnson, and Judith D. Wolferts, Salt Lake City, for defendants.

WILKINS, Justice:

¶1 Plaintiffs, who were cited for speeding, seek reimbursement of fines paid to defendants. After either pleading guilty or being adjudicated guilty, they brought the present "collateral attack." The district court dismissed plaintiffs' claims. We affirm.

## BACKGROUND

¶2 The five plaintiffs, Adam Bentley, Douglas Cluff, William Rieck, Keith Rose, and Mabel Johnson were issued speeding citations. Each citation stemmed from the use of photo radar in Sandy City or West Valley City, and each plaintiff received a summons and citation in the mail. Each proceeded through the criminal process and had his or her case disposed of in some manner: The citation issued to Ms. Johnson resulted in a guilty plea and payment of a fine.[1] Mr. Cluff and Mr. Rieck pleaded guilty, having their pleas held in abeyance. Mr. Bentley initially contested his citation but later agreed to a fine. Mr. Rose also contested his citation, and following a bench trial, he was adjudicated guilty. Mr. Rose never appealed, however. None of the plaintiffs challenged the legality of the photo radar in their initial criminal proceedings.

¶3 In an attempt to recover the fines, plaintiffs filed the present amended complaint, a "collateral attack," against Sandy City and West Valley City.[2] Among other pre-trial motions filed by the parties, defendants moved for summary judgment claiming: "(1) [the district court] lacks subject matter jurisdiction, (2) plaintiffs have no standing, (3) all claims and issues are barred by res judicata and waiver, and (4) plaintiffs waived all nonjurisdictional issues, including constitutional issues." The district court granted defendants' motion, concluding: "Res judicata and waiver do apply in this action. The Plaintiffs could have appealed adverse rulings on the same grounds asserted in this action.... Plaintiffs' waiver was knowing and deliberate." Plaintiffs appeal.

## ANALYSIS

¶4 In the criminal context, plaintiffs have no recourse. By pleading guilty and paying their respective fines, Ms. Johnson, Mr. Cluff, Mr. Rieck, and Mr. Bentley admitted to all of the essential elements of the crimes with which they were charged, and they waived all nonjurisdictional defects, including any alleged pre-plea constitutional violations. *See State v. Parsons,* 781 P.2d 1275, 1278 (Utah 1989); *James v. Galetka,* 965 P.2d 567, 570–71 (Utah Ct.App.1998). Moreover, none of these four plaintiffs specifically reserved an issue for appeal. *See State v. Sery,* 758 P.2d 935, 937–39 (Utah Ct.App. 1988) (explaining how a conditional no contest plea may reserve an issue for appeal). The remaining plaintiff, Mr. Rose, also waived the right to challenge anything other than jurisdiction because he failed to appeal. *See Kelbach v. McCotter,* 872 P.2d 1033, 1035–36 (Utah 1994) (explaining that absent "unusual circumstance" or "special reason," failure to raise an issue on direct appeal when one had the opportunity to do so results in waiver). Consequently, as plaintiffs' counsel acknowledged in argument, plaintiffs

---

1. The citation mailed to Ms. Johnson was returned to the Justice Court indicating that Myra Benton was the driver of the vehicle. In any event, a guilty plea was entered and a fine of fifty dollars was paid.

2. Although plaintiffs' counsel proposed that a class be certified and attempts to proceed as if this were a class action, there is no order certifying plaintiffs as a class anywhere in the record. The Utah Rules of Civil Procedure indicate that *the court* must determine whether the prerequisites of class certification are satisfied, whether a class action is the best way for the case to proceed, and whether a proposed class action is to be maintained. Utah R.Civ.P. 23(b) & (c).

do not have any recourse in the criminal context.

■ ¶ 5 Moreover, plaintiffs have failed to present a cognizable civil cause of action. We have previously stated, "It simply is not compatible with the rule of law that a legal proceeding may be maintained without an allegation of a cause of action that is cognizable at law." *Estes v. Talbot*, 597 P.2d 1324, 1326 (Utah 1979). The gravamen of plaintiffs' complaint is that defendants' implementation and use of photo radar violated section 41–6–52.5 of the Utah Code. Plaintiffs do not, however, present either statutory or common law authority justifying recovery for this alleged statutory violation. In short, plaintiffs have not asserted an actionable civil theory under which criminal fines are recoverable given these circumstances, and we decline counsel's invitation to fashion one.

¶ 6 Because plaintiffs have failed to present a theory under which recovery can be granted, we need not reach the issue of standing. We also note that, as a court of general jurisdiction, the district court had subject matter jurisdiction over this matter. *See* Utah Const. art. VIII, § 1; Utah Code Ann. § 78–3–4 (1999 & Supp.2000).

¶ 7 Accordingly, because plaintiffs have no recourse in the criminal context, and because plaintiffs fail to present a cognizable civil theory, the judgment of the district court is affirmed.

¶ 8 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURHAM, and Justice DURRANT concur in Justice WILKINS' opinion.